**Keith Altman, Esq.**
(*pro hac vice* to be applied for)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **COURTNEY SUSSER,** | **CASE NO.** |
| *Plaintiff*, | |
| v. | **COMPLAINT FOR DAMAGES AND FOR MANDATORY INJUNCTIVE RELIEF** |
| **NEW YORK CITY DEPARTMENT OF EDUCATION (in Its Official Capacity); CURTIS HIGH SCHOOL ADULT PRACTICAL NURSING PROGRAM (in Its Official Capacity); and, DOES 1–10 whose true names re unknown (in their Individual Capacities),** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

COMES NOW The Plaintiff, COURTNEY SUSSER, (hereinafter "Plaintiff",) and files this COMPLAINT and alleges:

## INTRODUCTION

1. Plaintiff was a student in the Curtis High School Adult Practical Nursing Program in 2019. This program was offered under the auspices of the New York City Department of Education.

2. Plaintiff was abruptly dismissed from the Curtis High School Adult Practical Nursing Program. Plaintiff was afforded no notice nor any process by which she could object to the dismissal and defend against untrue allegations which may have formed the basis for her dismissal.

3. Plaintiff hereby sues the Defendants for violation of Plaintiff's federally protected right to due process of law, breach of contract, and negligence.

## JURISDICTION AND VENUE

4. This action arises under the laws of the United States, and therefore this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question).

5. This action arises under the following federal statutes: 42 U.S.C. §1983.

6. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims for negligence and breach of contract, because these state law claims are so closely related to the federal question claims so as to form the same case or controversy under Article III of the United State Constitution.

7. This court has jurisdiction over the Plaintiff because she is a resident of the State of New York.

8. This court has personal jurisdiction over the Individual Defendants because they are residents of or were employed within the State of New York. This court has personal jurisdiction over the other

Defendants because they are offering educational services to residents of the State of New York.

9. This suit is properly venued in the Eastern District of New York because all events relevant to this suit occurred within the Eastern District of New York.

## PARTIES

10. Plaintiff is a former nursing student living and working in the State of New York.

11. Defendant NYC Department of Education is a department of the City of New York.

12. Defendant Curtis High School Adult Practical Nursing Program is a program offered by Curtis High School located in Staten Island, New York City. It is a two-year program that provides preparation for NYS Licensure as a Licensed Practical Nurse.

13. Curtis High School, operated by the New York City Department of Education, is one of seven public high schools located in Staten Island, New York City, New York.

14. Defendant's Does 1-10 are employees or agents of Defendant Curtis High School Adult Practical Nursing Program who took action within the scope of their employment that caused the harms to Plaintiff that are the subject of this lawsuit.

## FACTUAL ALLEGATIONS

15. Plaintiff began the Adult Practical Nursing Program in 2019. She earned solid marks, demonstrated excellent attendance, paid her fees on time, and dedicated her life to the program.

16. Plaintiff also earned a reputation for being respectful, kind, dedicated, and good with patients during her clinical rotations. She routinely went above and beyond what was expected of students.

17. Plaintiff was suddenly dismissed from the program without any warning. Plaintiff was informed in a brief letter of dismissal that she was dismissed because of an incident that took place on or about April 17, 2021.

18. The incident involved miscommunications between faculty and students at the Carmel Nursing Home. On the referenced date, Curtis High School Adult Practical Nursing Program had assigned

Plaintiff to work a shift at the Carmel Nursing Home. This including that, at about 4:30pm, she was told to report for a shift at 8:00am the next day.

19. During her shift, Plaintiff had two encounters with members of the Carmel Nursing Home staff that were reported to school officials inaccurately, and the letter of dismissal presented an entirely distorted and inaccurate picture of what happened.

20. The first encounter was between Plaintiff and a male supervisor from a different department who had earlier been performing rapid COVID tests on Plaintiff and others. A resident asked Plaintiff to get permission for the resident's family to eat with him later in the day. Plaintiff asked about this and was told to ask the person who had performed the tests earlier. When she asked him, the approval was denied, and she thought the matter was over. She was disappointed because she knew some members of the resident's family from living in the same area. A little later, she saw the testing supervisor and apologized for overstepping her role.

21. Sometime later, the supervisor yelled at an RN under his employ on the hospital floor as Plaintiff and some others stood by and

witnessed his outrageous behavior. The supervisor yelled, "We don't test residence guests." As he walked away, Plaintiff, expressing her disappointment, said under her breath, "What is stupid policy not to test guests." Regrettably, she also mumbled, "What, did they get the job because they're a minority."

22. Shortly after made this statement, Plaintiff learned that a nurse had overheard her. One of her teachers approached her angrily and confronted Plaintiff in front of others. Plaintiff was told that the nurse who had overheard her mumbled comment and had been deeply offended by her indelicate words. Her teacher publicly rebuked Plaintiff and shamed her for something that had been spoken as an unconscious, private aside.

23. During the heated discussions that followed, she pointed out that she was being treated very differently from similarly situated students. Plaintiff's teacher made threatening and highly defamatory statements about her in the aftermath of the encounter.

24. There was no investigation undertaken to determine what had occurred during the incidents that took place on or about April 17,

2021. Plaintiff was not provided with a report or any other written information regarding this incident.

25. There was no hearing or any other attempt to mitigate or understand the events in question.

26. The school owed a duty to treat Plaintiff fairly and reasonably in exchange for her tuition payments.

27. The school failed to act reasonably or fairly regarding Plaintiff's dismissal.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF DUE PROCESS UNDER 42 U.S.C. §1983.
### (As to all Defendants)

28. Plaintiff incorporates by reference as if fully stated herein, Paragraph Nos. 1-27 of her Complaint in its entirety.

29. Plaintiff had a constitutionally protected property interest in continuing her education at the Curtis High School Adult Practical Nursing Program.

30. Plaintiff had a constitutionally protected property interest in pursuing a chosen career.

31. When Defendants dismissed Plaintiff from the Curtis High School Adult Practical Nursing Program, Plaintiff was rendered unable to continue her education and was further deprived of the ability to pursue her chosen career. Therefore, Defendants deprived Plaintiff of her constitutionally protected property interests when they dismissed Plaintiff from the Curtis High School Adult Practical Nursing Program.

32. Plaintiff was dismissed without any kind of fact-finding or hearing on the part of Defendants.  Plaintiff was not allowed to challenge the allegations against her before being dismissed.  Therefore, Defendants deprived Plaintiff deprived her constitutionally protected property interests without any due process.

33. Wherefore, Plaintiff requests a judgment granting Plaintiff injunctive relief, in the form of Plaintiff's reinstatement to the Curtis High School Adult Practical Nursing Program, as well as awarding Plaintiff damages arising from Defendant's conduct, awarding Plaintiff punitive damages, and awarding Plaintiff reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### (As to only Defendant NYC Department of Education)

34. Plaintiff incorporates by reference as if fully stated herein, Paragraph Nos. 1-27of her Complaint in its entirety.

35. Plaintiff and Defendant entered into a contract whereby Defendant NYC Department of Education agreed to provide preparation to Plaintiff for NYS Licensure as a Licensed Practical Nurse, including but not limited to providing the following course instruction:

   a) Fundamentals of Nursing 1 & 2.
   b) Life Cycle.
   c) Anatomy and Physiology.
   d) Nutrition and Medication Administration.
   e) Nursing Care Problems of the Adult 1 & 2.
   f) Pharmacology.
   g) Maternal/Child Health I.
   h) Obstetrics II – Pediatrics; and,
   i) Vocational Adjustments.

36. In exchange, Plaintiff agreed to pay and did pay the cost of the program to Defendant.

37. Defendant breached its contractual obligations by dismissing Plaintiff from the program before completion based on false allegations and without notice nor any process by which Plaintiff

could object to the dismissal and defend against the false allegations.

38. Wherefore, Plaintiff requests a judgment awarding Plaintiff damages arising from Defendant's conduct, awarding Plaintiff punitive damages, and awarding Plaintiff reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
### (As to the Individual Defendants)

39. Plaintiff incorporates by reference as if fully stated herein, Paragraph Nos. 1-27 of her Complaint in its entirety.

40. Defendants owed a duty to treat Plaintiff fairly and reasonably in exchange for her tuition payments.

41. Defendants owed a duty not to dismiss Plaintiff arbitrarily and capriciously.

42. Defendants breached their duty to Plaintiff by dismissing her from the program without a warning, notice, and a fair hearing.

43. Defendants' breach of their duty was the proximate cause of the damages that Plaintiff has suffered.

44. Wherefore, Plaintiff requests a judgment awarding Plaintiff damages arising from Defendant's conduct, awarding Plaintiff punitive damages, and awarding Plaintiff reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her relief as follows:

(1) Compensatory damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress;

(2) Punitive damages against the Defendants;

(3) Attorneys' fees;

(4) Costs of the suit;

(5) Injunctive relief; and

(6) Such other relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Date: January 4, 2022

                                    Respectfully Submitted,

Keith Altman, Esq.
(*pro hac vice* to be applied for)
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com