

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Hannah J. Sarokin**
(212) 356-8761
hsarokin@law.nyc.gov

June 24, 2022

**BY ECF**

Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Susser v. New York City Department of Education, et al.*, 22-cv-51 (AMD) (VMS)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel assigned to represent Defendants New York City Department of Education (DOE) and the Curtis High School Adult Practical Nursing Program (the "Nursing Program") in the above-captioned matter, in which Plaintiff alleges Defendants were negligent and dismissed her from the Nursing Program without due process and in breach of her alleged contract with the DOE. Pursuant to Rule 4.A of Your Honor's Individual Practices and Rules, Defendants respectfully request a pre-motion conference in anticipation of filing a motion to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). In the alternative, Defendants respectfully request a briefing schedule of their intended motion to dismiss.

In essence, the Complaint alleges that Plaintiff was wrongfully dismissed from the Nursing Program, which provides preparation to adult students for New York State Licensure as a Licensed Practical Nurse. Plaintiff alleges she was dismissed from the program via letter following an incident on April 17, 2021 that occurred while working as a student at the Carmel Nursing Home. Specifically, Plaintiff alleges she was overheard making the following comment about her supervisor: "what, did they get the job because they're a minority." Plaintiff alleges she subsequently had "heated discussions" with a teacher who addressed her statement with her following a complaint from staff at the nursing home. Plaintiff alleges Defendants were negligent and dismissed her from the Nursing Program without a hearing and in breach of her alleged contract with the DOE to receive instruction in exchange for paying the cost of the program.

The primary anticipated grounds of Defendants' intended motion are set forth below.

1. **Plaintiff fails to state a procedural due process violation claim, and the appropriate avenue for her claims is an Article 78 proceeding.**

Courts in New York have well established that the daily implementation of educational policies are not subject to the court's jurisdiction, and have thus abstained from entertaining plenary actions that require them to make judgments as to the validity of day-to-day implementation of educational policies. *See Donohue v. Copiague Union Free Sch. Dist.*, 47 N.Y.2d 440, 444-45 (1979); *Hoffman v. Bd. of Educ.*, 49 N.Y.2d 121, 125-27 (1979). Instead, judicial review of academic and administrative decisions must be sought in an Article 78 proceeding within the applicable four-month statute of limitations. *See, e.g., Meisner v. Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs.*, 175 A.D.3d 1653, 1655-56 (3rd Dept. 2019) (dismissing a student's challenge to their dismissal from a licensed practical nursing program because the plaintiff failed to bring their claims in a CPLR Article 78 proceeding, and their claims were thus time barred); *see also, Ansari v. New York Univ.*, 96 Civ. 5280, 1997 U.S. Dist. LEXIS 6863, *7 (S.D.N.Y. May 12, 1997) ("[T]he review of a variety of academic decisions at private educational institutions has been limited to Article 78 proceedings, including: grading disputes, dismissals, expulsions, suspensions, and decisions regarding whether a student has fulfilled the requirements for graduation.").

Moreover, while courts have considered claims regarding deprivation of access to education in the context of the Due Process Clause of the Fourteenth Amendment, Plaintiff's claim fails. *See Plyler v. Doe*, 457 U.S. 202, 221-22 (1982) (citing *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973). There is no constitutional due process violation so long as there is an adequate state post-deprivation procedure for an alleged arbitrary, random deprivation of property or liberty. *Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474, U.S. 327 (1986). An Article 78 proceeding provides a "perfectly adequate postdeprivation remedy" for reviewing allegations that disciplinary decisions involving expulsion were made arbitrarily, capriciously, in bad faith, and/or in violation of the academic institution's own code. *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002); *see Atallah v. N.Y. Coll. of Osteopathic Med.*, 94 F. Supp. 3d 448, 455-57 (E.D.N.Y. 2015), aff'd, 643 Fed. Appx. 7 (2d Cir. 2016) (collecting cases that Article 78 proceedings provide adequate post-deprivation remedy to challenge expulsion). Since an adequate post-deprivation remedy exists, Plaintiff has not suffered a constitutional violation of her due process rights, and the instant matter should be dismissed. *Attallah,* 94 F.Supp. 3d at 458.

2. **Plaintiff's claims are time barred, and she fails to allege she filed a notice of claim.**

As discussed above, Plaintiff's claims should have been brought in an Article 78 proceeding, which carries a four-month statute of limitations. *Meisner,* 175 A.D.3d 1656. Here, Plaintiff alleges she was dismissed from the Nursing Program in April 2021. However, she failed to initiate an Article 78 proceeding, and nonetheless filed the instant action in January 2022—more than four months after the alleged harm. Plaintiff's claims are thus time barred. Plaintiff's causes of action for breach of contract and negligence are also subject to the four-month statute of limitations because they are inherently challenges to her dismissal from the Nursing Program.

*Id.* (finding that "Plaintiff's separate causes of action sounding in breach of contract . . . and prima facie tort are all, at their core, challenges to defendant's actions in dismissing her from the [licensed practical nursing] program in a manner that allegedly was . . . arbitrary and capricious" and thus should have been brought as an Article 78 proceeding and, accordingly, were time barred).

Moreover, "[i]t is well settled that [satisfaction of New York] Education Law § 3813(1) is a statutory condition precedent to a petitioner's bringing of a proceeding against a school district or board of education, and a [plaintiff's] failure to comply is a fatal defect mandating dismissal of the action." *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 366 (W.D.N.Y. 2010). The New York Education Law requires plaintiffs to allege in the Complaint that they filed a timely notice of claim. N.Y. Educ. Law §3813(1). Plaintiff fails to allege she filed a timely notice of claim and thus the Complaint should be dismissed.

### 3. Plaintiff fails to sufficiently allege municipal liability.

Plaintiff's claims against the Department of Education fail because she does not sufficiently allege the existence of an unconstitutional municipal policy or custom under *Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978). Vague, speculative, or conclusory allegations about the existence of a policy or custom do not suffice to state a Section 1983 claim against a municipal defendant. *Davis v. City of New York*, 07-CV-1395, 2008 U.S. Dist. LEXIS 47869, at *17-18 (S.D.N.Y. June 19, 2008). It is also well settled that "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government]." *Hayes v. Perotta,* 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010). Plaintiff fails to allege the existence of any unconstitutional policy or custom, nor does she allege who allegedly ordered her dismissal.

For these reasons and others that will support a motion to dismiss Plaintiff's Complaint, Defendants respectfully request a pre-motion conference, or a briefing schedule on their proposed motion. Defendants further respectfully request that discovery be stayed pending the Court's determination regarding their motion to dismiss. To determine whether to stay discovery pending a party's motion, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *O'Sullivan v. Deutsche Bank AG*, 17-CV-8709, 2018 U.S. Dist. LEXIS 70418, at *4 (S.D.N.Y. Apr. 26, 2018)(citation omitted). Courts have stayed discovery where a motion "appears to have substantial grounds." *Zeta Global Corp. v. Maropost Mktg. Cloud*, 20-CV-3951, 2020 U.S. Dist. LEXIS 154634, at * 2 (S.D.N.Y. Aug. 25, 2020). Further, a stay of discovery for the limited purpose of determining Defendants' motion to dismiss is unlikely to be unduly prejudicial to Plaintiff in light of the strength of Defendants' motion. *Pen Am. Ctr., Inc. v. Trump*, 18-CV-9433, 2020 U.S. Dist. LEXIS 97038, at *4 (S.D.N.Y. June 2, 2020) (finding good cause to stay discovery pending the defendant's motion to dismiss because such did not prejudice the plaintiff). Here, Defendants have substantial grounds to move to dismiss as discussed above. Accordingly, Defendants respectfully request that discovery be stayed pending a decision on their anticipated motion to dismiss.

Thank you for your consideration of these requests.

- 4 -

                                                          Respectfully submitted,

                                                          /s/
                                                       Hannah J. Sarokin
                                                      Assistant Corporation Counsel

cc.     Keith Altman, Esq. (by ECF)
        Plaintiff's counsel