

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Cindy A. Singh<br>Tel.: (212) 356-3586<br>csingh@law.nyc.gov |

September 19, 2022

**VIA ECF**
Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: ***Susser v. New York City Department of Education, et al.***
       **1:22-cv-00051-AMD-VMS**

Dear Judge Donnelly:

  I am the Assistant Corporation Counsel recently assigned to the defense of the New York City Department of Education (DOE) and the Curtis High School Adult Practical Nursing Program. Defendants submit this letter to state their position on the topics raised in the joint status update letter due today, September 19, 2019, with the Court. Defendants, New York City Department of Education (DOE) and the Curtis High School Adult Practical Nursing Program, request that: i) a briefing schedule be set for their anticipated motion to dismiss and ii) the temporary stay of discovery issued on August 19, 2022 continue pending a ruling on the anticipated motion to dismiss.

  As detailed in Defendants' pre-motion conference letter (ECF Doc. No. 12), the appropriate remedy for Plaintiff's claims is an Article 78 proceeding, rather than a Section 1983 claim. *See, e.g., Meisner v. Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs.,* 175 A.D.3d 1653, 1655-56 (3rd Dept. 2019) (dismissing a student's challenge to their dismissal from a licensed practical nursing program because the plaintiff failed to bring their claims in a CPLR Article 78 proceeding, and their claims were thus time barred); *see also, Ansari v. New York Univ.*, 96 Civ. 5280, 1997 U.S. Dist. LEXIS 6863, *7 (S.D.N.Y. May 12, 1997) ("[T]he review of a variety of academic decisions at private educational institutions has been limited to Article 78 proceedings,

including: grading disputes, dismissals, expulsions, suspensions, and decisions regarding whether a student has fulfilled the requirements for graduation.").

Plaintiff, however, is time-barred from bringing an Article 78 petition, since the four-month statute of limitations for her claim has expired. *Meisner,* 175 A.D.3d 1656. Since Plaintiff's causes of action for breach of contract and negligence are also inherent challenges to her dismissal from her nursing program, they too are subject to the four-month statute of limitations for Article 78 proceedings. Additionally, to the extent that Plaintiff asserts negligence claims, these claims suffer a fatal defect since no notice of claim has been filed. *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 366 (W.D.N.Y. 2010).

Plaintiff also fails to plausibly state a claim of Section 1983 liability against Defendant DOE since she fails to allege the existence of an unconstitutional municipal policy or custom under *Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978). Plaintiff fails to allege the existence of any unconstitutional policy or custom, nor does she allege who ordered her dismissal.

Defendants respectfully request that discovery in this case be stayed pending a ruling on their anticipated Rule 12(b)(6) motion. Pursuant to Federal Rule of Civil Procedure 26(c), "[d]istrict courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss." *In re Currency Conversion Fee Antitrust Litig.*, No. 1409 M 21-95 (MDL), 2002 U.S. Dist. LEXIS 974, at *3 (S.D.N.Y. Jan. 22, 2002). Courts have held that a stay of discovery is appropriate when the motion to dismiss "'appear[s] to have substantial grounds' or, stated another way, 'does not appear to be without foundation in law.'" *Id.* at *4 (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)); *see also Mancuso v. Hynes*, No. 07 Civ. 3446 (TPC) (ARL), 2008 U.S. Dist. LEXIS 91786, at *2 (E.D.N.Y. Nov. 12, 2008) (noting, and upholding on reconsideration, the Court's stay of discovery pending the resolution of a "Rule 12(c) motion [that] could potentially dispose of the action[,] obviating the need for discovery").

Defendants' anticipated motion to dismiss has substantial grounds and makes a strong showing that Plaintiff's claims should be dismissed. Thus, staying discovery would serve the interests of judicial economy and efficiency by saving the Court from supervising discovery in a case where claims will likely be dismissed. Accordingly, Defendants respectfully request that the Court stay discovery pending the disposition of the anticipated motion.

Thank you for your consideration of this correspondence.

Respectfully,

/s/

Cindy Singh
Assistant Corporation Counsel

cc:     All Counsel of Record (by ECF)