22-CV-00051 (AMD) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COURTNEY SUSSER,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION (in its official capacity); CURTIS HIGH
SCHOOL ADULT PRACTICAL NURSING
PROGRAM (in its official capacity); and DOES 1-10,
whose true names are unknown (in their individual
capacities).

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS THE COMPLAINT
BY DEFENDANTS NEW YORK CITY
DEPARTMENT OF EDUCATION AND CURTIS
HIGH SCHOOL ADULT PRACTICAL NURSING
PROGRAM**

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
*Attorney for Defendants New York City Department of
Education and Curtis High School Adult Practical
Nursing Program*

Of Counsel: Cindy A. Singh
Tel: (212) 356-3586
E-mail: csingh@law.nyc.gov

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

STANDARD OF REVIEW ............................................................................................. 4

ARGUMENT

        POINT I

                PLAINTIFF WAS REQUIRED TO BRING AN
                ARTICLE 78 PROCEEDING TO CHALLENGE
                HER DISMISSAL FROM DEFENDANTS'
                NURSING PROGRAM, AND HER CLAIM IS
                NOW TIME BARRED. ............................................................. 5

        POINT II

                PLAINTIFF FAILS TO STATE A CLAIM OF
                MUNICIPAL LIABILITY AGAINST
                DEFENDANTS. ....................................................................... 7

        POINT III

                THIS COURT SHOULD DECLINE TO EXERCISE
                SUPPLEMENTAL JURISDICTION OVER
                PLAINTIFF'S STATE LAW CLAIMS. .................................... 12

        POINT IV

                ALTERNATIVELY, THIS COURT SHOULD
                DISMISS PLAINTIFF'S BREACH OF
                CONTRACT CLAIM AGAINST DEFENDANT
                NYC DOE SINCE PLAINTIFF FAILS TO STATE
                A CLAIM UNDER THIS THEORY AND FAILED
                TO FILE A NOTICE OF CLAIM PURSUANT TO
                N.Y. EDUCATION LAW SECTION 3813, A
                PREREQUISITE TO SUIT. ...................................................... 13

CONCLUSION................................................................................................................ 16

## **TABLE OF AUTHORITIES**

**Cases**                                                                                      **Pages**

*Amador v City of NY,*
   No. 20-CV-956 (RA),
   2021 US Dist LEXIS 125451 (SDNY July 6, 2021) ............................................................13

*Ansari v. New York Univ.,*
   96 Civ. 5280, 1997 U.S. Dist. LEXIS 6863
   (S.D.N.Y. May 12, 1997)......................................................................................................6

*Arrington v. City of New York,*
   628 F. App'x 46 (2d Cir. 2015) ............................................................................................9

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)...............................................................................................4, 10, 14

*Attallah v NY Coll. of Osteopathic Med.,*
   94 F Supp 3d 448 (EDNY 2015) ....................................................................................6, 11

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..............................................................................................................4

*Butler v City of NY,*
   559 F Supp 3d 253 (SDNY 2021) ........................................................................................2

*Cattan v. City of New York,*
   523 F. Supp. 598 (S.D.N.Y. 1981) .......................................................................................9

*City of Oklahoma v. Tuttle,*
   471 U.S. 808 (1985).............................................................................................................8

*Connick v. Thompson,*
   563 U.S. 51 (2011)...............................................................................................................9

*Cortec Indus., Inc. v. Sum Holding L.P.,*
   949 F.2d 42 (2d Cir. 1991)...................................................................................................4

*Darby v Greenman,*
   14 F.4th 124 (2d Cir 2021) ...........................................................................................10, 14

*Doe v Columbia Univ.,*
   2020 US Dist LEXIS 56233, (SDNY Mar. 31, 2020) .......................................................14

*Matter of Doe v Columbia Univ. in the City of NY,*
   2020 NY Slip Op 30600[U] (Sup Ct, NY County 2020)......................................................5

**Cases**            **Pages**

*Matter of Doe v Cornell Univ.*,
 ___Misc 3d___, 2017 NY Slip Op 27449 (Sup. Ct. 2017)......................................................6

*Donohue v. Copiague Union Free Sch. Dist.*,
 47 N.Y.2d 440 (1979) .......................................................................................................5

*Gallop v. Cheney*,
 642 F.3d 364 (2d Cir. 2011)..........................................................................................10, 14

*Gally v. Columbia Univ.*,
 22 F. Supp. 2d 199 (S.D.N.Y. 1998)...................................................................................14

*Gertler v. Goodgold*,
 107 A.D.2d 481 (1st Dept. 1985)........................................................................................6, 7

*Grillo v. N.Y. City Transit Auth.*,
 291 F.3d 231 (2d Cir. 2002)................................................................................................11

*Hellenic Am. Neighborhood Comm. v. City of New York*,
 101 F.3d 877 (2d Cir. 1996).................................................................................................11

*Hoffman v. Bd. of Educ.*,
 49 N.Y.2d 121 (1979) .........................................................................................................5

*Maas v. Cornell Univ.*,
 94 N.Y.2d 87 (1999) .........................................................................................................5, 6

*Monell v. Dept. of Social Servs.*,
 436 US 658 (1978)......................................................................................................7, 9, 10

*Montgomery v. City of New York*,
 No. 09 Civ. 06145, 2011 U.S. Dist. LEXIS 49955
 (S.D.N.Y. May 9, 2011).......................................................................................................9

*Parochial Bus Sys., Inc. v. Board of Educ.*,
 60 N.Y.2d 539 (1983*)* .......................................................................................................15

*Parratt v. Taylor*,
 451 U.S. 527 (1981),
 *rev'd on other grounds*, *Daniels v. Williams*,
 474, U.S. 327 (1986)...........................................................................................................11

*Peek v Williamsville Bd. of Educ.*,
 221 AD2d 919 (4th Dept 1995) ...........................................................................................15

**Cases**                                                                                    **Pages**

*Pitchell v. Callan*,
    13 F.3d 545 (2d Cir. 1994)..................................................................................12

*Roldan v. Second Dev. Servs.*,
    No. 16-2364, 2017 U.S. Dist. LEXIS 29135
    (E.D.N.Y. Feb. 28, 2017) ....................................................................................4

*Roman v City of Mount Vernon*,
    No. 21-CV-2214, 2022 US Dist LEXIS 128074
    (SDNY July 19, 2022) ...................................................................................8, 10

*Sarus v. Rotundo*,
    831 F.2d 397 (2d Cir. 1987)...............................................................................9

*Simpson v. New York City Transit Auth.*,
    112 A.D.2d 89 (1st Dept. 1985),
    aff'd, 66 N.Y.2d 1010 (1985) ............................................................................9

*Susan M. v. New York Law School*,
    76 N.Y.2d 241 (1990) .........................................................................................6

*Torraco v. Port Auth.*,
    615 F.3d 129 (2d Cir. 2010)...............................................................................7

*Varsity Transit, Inc. v. Board of Educ. of City of N.Y.*,
    5 N.Y.3d 532 (2005) .........................................................................................15

*Wray v. City of New York*,
    490 F.3d 189 (2d Cir. 2007)...............................................................................7

**Statutes**

28 U.S.C. § 1367(c)(3)....................................................................................12, 13

42 U.S.C. § 1983.........................................................................1, 3, 6, 7, 8, 9, 11, 12

CPLR § 217.........................................................................................................7

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 2, 4

GML § 50-e (5) .................................................................................................15

GML § 50-i (1) (c) ............................................................................................15

N.Y. Educ. Law § 3813 ..........................................................................1, 13, 14, 15

**Statutes**                                                                                      **Pages**

N.Y. Educ. Law § 3813 (1)........................................................................................15

N.Y. Educ. Law § 3813 (2)........................................................................................15

N.Y. Educ. Law § 3813 (2-a).....................................................................................15

N.Y. Educ. Law § 3813 (2-b) .....................................................................................15

## PRELIMINARY STATEMENT

Plaintiff Courtney Susser ("Plaintiff" or "Ms. Susser") brings this action against Defendants the New York City Department of Education ("NYC DOE") and Curtis High School Adult Practical Nursing Program ("Nursing Program).[1] Plaintiff, a student at the Nursing Program, alleges that she was dismissed from the Nursing Program following an incident with a supervisor and teacher at the Nursing Home to which she was assigned on April 17, 2021. The incident involved an offensive comment, which Ms. Susser admits to making. Ms. Susser alleges that she was dismissed from the Nursing Program without notice or an opportunity to be heard. She alleges that she was not allowed a fact-finding hearing or other means to dispute the allegations against her. Plaintiff now sues Defendants NYC DOE and the Nursing Program for violation of due process under 42 U.S.C. § 1983 and sues NYC DOE only for breach of contract.

Defendants NYC DOE and the Nursing Program move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) Plaintiff was required to commence an Article 78 proceeding to address her grievances, and her claim is now time-barred; (2) Plaintiff fails to sufficiently plead a claim of *Monell* liability as she cannot establish either the existence of a constitutional violation or the municipal custom or policy that was the moving force behind the alleged constitutional violation; and (3) Plaintiff fails to state a claim for breach of contract and further failed to serve a notice of claim pursuant to N.Y. Education Law § 3813, a condition precedent to suit.  To the extent that Plaintiff seeks to allege a claim for negligence against NYC DOE and the Nursing Program, this claim also fails because the Plaintiff

---

[1] Plaintiff also brings this suit against Does 1-10, in their individual capacities. This office does not represent Does 1-10 and is unaware of their true identities. Plaintiff asserts the following causes of action against Does 1-10: i) violation of due process under 42 U.S.C. § 1983 and ii) negligence.

has not alleged that she filed a notice of claim pursuant to N.Y. Education Law § 3813, a condition

precedent to suit. For the reasons set forth herein, the Complaint should be dismissed.

## STATEMENT OF FACTS

Plaintiff began as a student at the Nursing Program in 2019.[2] (Compl. ¶1). Plaintiff

alleges that the Nursing Program is offered under the auspices of Defendant NYC DOE. (*Id.*) The

Nursing Program is a two-year program that provides preparation for New York State Licensure

as a Licensed Practical Nurse. (Compl. ¶12). Plaintiff alleges that she was dismissed from the

Nursing Program without any notice. (Compl. ¶2). She claims that she was deprived of any process

by which she could object to the dismissal or defend against allegedly "untrue allegations which

may have formed the basis for her dismissal." (*Id*). Plaintiff further alleges that she was dismissed

from the Nursing Program because of an incident that took place on April 17, 2021. (Compl. ¶17).

On April 17, 2021, the Nursing Program assigned Plaintiff to work a shift at Carmel

Nursing Home (the "Nursing Home"). (Compl. ¶18). Plaintiff claims that she had two encounters

with staff at the Nursing Home which were reported to school officials inaccurately, and that her

letter of dismissal from the Nursing Program presented a distorted and inaccurate picture of what

occurred. (Compl. ¶19).

The first encounter on April 17, 2021 was between Plaintiff and a supervisor who

had earlier been performing rapid COVID tests on Plaintiff and others. (Compl. ¶20). A Nursing

Home resident asked Plaintiff to get permission for the resident's family to eat with him later that

day. Plaintiff asked the supervisor for permission, and approval was denied. (*Id.*) Plaintiff notes

---

[2] On a motion to dismiss pursuant to Rule 12(b)(6), a court "accepts all factual allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor." (internal citations omitted). *Butler v City of NY*, 559 F Supp 3d 253, 263 (SDNY 2021).

that she was "disappointed" because she knew some of the resident's family. (*Id.*)  Plaintiff further alleges that a "little later," she saw the supervisor and "apologized for overstepping her role." (*Id.*)

Later on April 17, 2021, the supervisor "yelled" at an RN on staff, while Plaintiff and others stood by. (Compl. ¶21). The supervisor exclaimed: "We don't test residence guests." (*Id.*)  As the supervisor walked away, Plaintiff again expressed her "disappointment and said under her breath, '[w]hat is stupid policy not to test guests [sic].'" (Compl. ¶21). According to Plaintiff, she "also mumbled, '*What did they get the job because they're a minority*.'" (Compl. ¶21) (emphasis added).

Shortly after making this statement, Plaintiff learned that a nurse had overheard her and had been "deeply offended" by her words. (Compl. ¶22). Plaintiff alleges that one of her teachers angrily approached and confronted her in front of others. (*Id.*) Plaintiff claims that her teacher "publicly rebuked" and "shamed her" for words that she had said as "an unconscious, private aside." (*Id.*)

According to Plaintiff, no investigation was undertaken to determine what had occurred during incidents on April 17, 2021. (Compl. ¶24).  Plaintiff alleges that there was no report or any other written information provided to her concerning the incidents that occurred on April 17, 2021. (*Id.*) She alleges that no hearing was held and no attempt was made to "mitigate or understand the events in question." (Compl. ¶25). Plaintiff claims that she was dismissed from the Nursing Program "suddenly" and was informed of her dismissal via a brief letter. (Compl. ¶17).

Plaintiff now sues Defendants NYC DOE, the Nursing Program, and Does 1-10, for a violation of due process under 42 U.S.C. §1983; she seeks reinstatement to the Nursing Program, compensatory and punitive damages, and attorneys' fees. She also sues Defendant NYC DOE for breach of contract, seeking compensatory damages, punitive damages and attorneys' fees.

Plaintiff also sues the individual defendants, Does 1-10, for negligence, seeking compensatory damages, punitive damages, and attorneys' fees.

## **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although a court must accept all factual allegations in the complaint as true, that requirement "is inapplicable to legal conclusions." *Id.*; *see also Roldan v. Second Dev. Servs.*, No. 16-2364, 2017 U.S. Dist. LEXIS 29135, at *17 (E.D.N.Y. Feb. 28, 2017) ("However, a court need not accord legal conclusions, deductions or opinions couched as factual allegations a presumption of truthfulness.") (internal quotation marks and citation omitted).  Thus, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).  At a minimum, then, the pleading must set forth sufficient information for the court to determine whether the allegations support some recognized legal theory. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).  Thus, dismissal is appropriate when it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law." *Roldan*, 2017 U.S. Dist. LEXIS 29135, at *16.

## ARGUMENT

### POINT I

**PLAINTIFF WAS REQUIRED TO BRING AN ARTICLE 78 PROCEEDING TO CHALLENGE HER DISMISSAL FROM DEFENDANTS' NURSING PROGRAM, AND HER CLAIM IS NOW TIME BARRED.**

Since Plaintiff seeks to the challenge her dismissal from Defendants' Nursing Program, which was an administrative and disciplinary decision of an educational institution, she was required to commence an Article 78 special proceeding in New York State Supreme Court, within the applicable four-month statute of limitations--i.e. four months from the date of her dismissal from the Nursing Program. Because Plaintiff failed to timely commence an Article 78 proceeding, she cannot now proceed with this plenary action. Further, because her time to file an Article 78 proceeding expired on or about August 17, 2021, she is now time-barred from commencing such a proceeding.

New York courts have abstained from entertaining plenary actions that require them to make judgments as to the validity of day-to-day implementation of educational policies. *See Donohue v. Copiague Union Free Sch. Dist.*, 47 N.Y.2d 440, 444-45 (1979); *Hoffman v. Bd. of Educ.*, 49 N.Y.2d 121, 125-27 (1979) (holding that daily implementation of educational policies was not subject to court's jurisdiction); *see also Matter of Doe v Columbia Univ. in the City of NY*, 2020 NY Slip Op 30600[U], *9 [Sup Ct, NY County 2020] ("Case law reviewing disciplinary determinations of educational institutions 'reflects the policy that [these] administrative decisions... involve the exercise of highly specialized professional judgment and [that] these institutions are, for the most part, better suited to make relatively final decisions concerning wholly internal matters'" (quoting *Maas v. Cornell Univ.*, 94 N.Y.2d 87, 92 (1999)).

Instead, it is well-established that judicial review of academic and administrative decisions must be sought in an Article 78 proceeding. *See Ansari v. New York Univ.*, 96 Civ. 5280, 1997 U.S. Dist. LEXIS 6863, *7 (S.D.N.Y. May 12, 1997) ("[T]he review of a variety of academic decisions at private educational institutions has been limited to Article 78 proceedings, including: grading disputes, dismissals, expulsions, suspensions, and decisions regarding whether a student has fulfilled the requirements for graduation."); *Gertler v. Goodgold*, 107 A.D.2d 481, 486-87 (1st Dept. 1985) (holding that judicial review of administrative and academic determinations by educational institutions "are redressable, if at all, in an article 78 proceeding, not a plenary action"); *Maas*, 94 N.Y.2d at 92 (holding that, because courts retain a restricted role in reviewing controversies involving colleges and universities, Article 78 proceedings, not plenary actions, are the appropriate means for judicial review). Indeed, as will be detailed more fully in Point II, *infra*, the availability of an Article 78 proceeding to redress Plaintiff's grievances in this matter bars her request for relief under 42 U.S.C. § 1983. *Attallah v NY Coll. of Osteopathic Med.*, 94 F Supp 3d 448, 455 [EDNY 2015] ("Generally speaking, the availability of an Article 78 proceeding bars seeking relief under Section 1983 when there is an adequate state post-deprivation procedure to remedy a random or arbitrary deprivation of property or liberty." (internal citations omitted).

Students have routinely utilized Article 78 proceedings to challenge their expulsion or suspensions from public or private schools, alleging that the educational institutions have acted arbitrarily and capriciously and/or in bad faith and/or in violation of their own disciplinary code. *See Atallah*, 94 F Supp 3d at 455-457 (collecting cases); *Matter of Doe v Cornell Univ.*, ___Misc 3d___, 2017 NY Slip Op 27449, *1 (Sup. Ct. 2017) (challenging suspension issued after disciplinary proceedings as arbitrary and capricious and alleging that university failed to substantially comply with its own policies and procedures); *e.g. Susan M. v. New York Law School*,

76 N.Y.2d 241 (1990) (challenging expulsion from law school through Article 78 proceeding under theory of retaliations, unfair administration of exams, and unfair grading practices).

Here, Ms. Susser was required to commence an Article 78 proceeding to challenge her dismissal from the Nursing Program. Ms. Susser alleges that she was "dismissed without any kind of fact-finding or hearing on the part of Defendants." (Compl. ¶32). Similarly, she alleges that she was "not allowed to challenge the allegations against her before being dismissed." (*Id.*) She also claims that she learned of her dismissal, after the fact, via a brief letter. (Compl. ¶17). In sum and substance, Ms. Susser argues that the Nursing Program acted arbitrarily and capriciously and/or in bad faith by dismissing her without notice or an opportunity to be heard. Thus, an Article 78 proceeding, not this plenary action, was the appropriate avenue of relief for Ms. Susser.

While a court may convert a plenary action to an Article 78 proceeding, it may not do so where, as here, the claims are barred by the four-month statute of limitations set forth in CPLR § 217. *Gertler*, 107 A.D.2d at 487. Plaintiff's claim arose at the time of her dismissal on or about April 17, 2021. Therefore, the four-month statute of limitations to file her Article 78 proceeding expired on or about August 17, 2021. The Complaint in this action was filed on January 4, 2022, well after the statute of limitations for an Article 78 proceeding had run. Plaintiff's claims are now time-barred.

### POINT II

### PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST DEFENDANTS

To state a *Monell* claim against a municipality under 42 U.S.C. § 1983, a plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) cause[d] the plaintiff to be subjected to (3) [a] denial of a constitutional right." *Torraco v. Port Auth.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007)); *Monell*

*v. Dept. of Social Servs.*, 436 US 658 (1978). As detailed below, this Court should dismiss the §

1983 claim against Defendants NYC DOE and the Nursing Program because Plaintiff fails to plead

an underlying constitutional violation. Further, Plaintiff fails to allege the existence of a policy or

custom of the municipality that was the moving force behind her injury. Plaintiff has done nothing

more than name NYC DOE and the Nursing Program as Defendants and make conclusory

assertions of Section 1983 liability. Accordingly, the pleading cannot withstand this motion to

dismiss.

To begin, Plaintiff has not sufficiently pled the first element of *Monell* liability,

specifically whether there was an official custom or policy. "A plaintiff may satisfy the policy

or custom requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2)
> actions taken by government officials responsible for establishing
> the municipal policies that caused the particular deprivation in
> question; (3) a practice so consistent and widespread that, although
> not expressly authorized, constitutes a custom or usage of which a
> supervising policy-maker must have been aware; or (4) a failure by
> policymakers to provide adequate training or supervision to
> subordinates to such an extent that it amounts to deliberate
> indifference to the rights of those who come into contact with the
> municipal employees."

*Roman v City of Mount Vernon*, 2022 US Dist LEXIS 128074, at *55-57 (SDNY July 19, 2022,

No. 21-CV-2214) (internal citations and quotation marks omitted).

Generally, a custom or policy sufficient to establish *Monell* liability cannot be

shown by a single incident of allegedly unconstitutional activity. *See id.* (collecting exemplary

caselaw). One alleged act, by itself, cannot constitute an official policy that gives rise to a cause

of action under 42 U.S.C. § 1983. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof

of a single incident of unconstitutional activity is not sufficient to impose municipal liability,

unless proof of the incident includes proof that it was caused by an existing unconstitutional

custom or policy . . . [that] can be attributed to a municipal policy maker.").  While a plaintiff may infer the existence of a municipal policy from a consistent pattern of informal acts or omissions by policy makers, a single instance of unconstitutional conduct by a lower level municipal employee is insufficient to show municipal liability.  *Id.*  A plaintiff ordinarily may not infer the existence of such a policy, practice, or custom solely from the incident giving rise to the complaint.  *Id.* at 823-24; *Simpson v. New York City Transit Auth.*, 112 A.D.2d 89, 91 (1st Dept. 1985) ("Proof of a single incident of objectionable conduct by a municipality is insufficient to establish the existence of a municipal policy for § 1983 purposes"), aff'd, 66 N.Y.2d 1010 (1985); *see also Sarus v. Rotundo*, 831 F.2d 397, 402-03 (2d Cir. 1987); *Cattan v. City of New York*, 523 F. Supp. 598, 601-02 (S.D.N.Y. 1981) (dismissing cause of action under 42 U.S.C. § 1983 as improperly pleaded where only allegation was single incident*); Montgomery v. City of New York*, No. 09 Civ. 06145, 2011 U.S. Dist. LEXIS 49955 (S.D.N.Y. May 9, 2011) (dismissing due process claim because plaintiff did not allege "any formal policy" or "acts of City officials with final decision making authority" and "the two random and isolated incidents [plaintiff] experienced . . . [could not] establish a practice or custom so widespread that knowledge of it is imputed to policymakers.").

Additionally, "[A] municipality cannot be liable under § 1983 [for the alleged unconstitutional acts of its employees] solely on a theory of *respondeat superior*."  *Arrington v. City of New York*, 628 F. App'x 46, 50 (2d Cir. 2015) (citing *Monell*, 436 U.S. at 692) (emphasis in original).  Instead, a § 1983 claim must include specific allegations that a municipal policy or custom in itself directly violated federal law or directed or authorized a deprivation of a federally protected right.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell*, 436 U.S. at 692).

Here, Plaintiff fails to allege the existence of any formal unconstitutional municipal policy or any actions taken by "government officials responsible for establishing the municipal policies" that resulted in her dismissal from the Nursing Program, i.e. the constitutional deprivation she claims. *Roman*, 2022 US Dist LEXIS 128074, at *55-57. Likewise, Plaintiff has only made allegations concerning the two incidents, both of which occurred on April 17, 2021, which allegedly formed the basis for her dismissal. She does not allege a consistent or widespread pattern of similar deprivation of rights or any incidents beyond the one giving rise to her Complaint. Further, Ms. Susser does not identify the person who ordered her dismissal. She does not allege whether this actor is municipal employee. Ms. Susser also does not allege any failure by municipal policy makers to provide adequate training to subordinates. *See id.*

To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, which states a claim to relief that is plausible on its face. *Darby v Greenman*, 14 F.4th 124, 127-128 (2d Cir 2021) ("[A] complaint that merely 'tenders naked assertions devoid of further factual enhancement' fails to meet this standard," (quoting *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678), as do "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," (quoting *Iqbal*, 556 U.S. at 678.) Here, Plaintiff has simply named NYC DOE and the Nursing Program as Defendants without providing sufficient factual allegations to support her claim for municipal liability. Her Complaint should be dismissed on that basis.

The Complaint fails to sufficiently plead the second element of *Monell* liability, i.e. causation. Specifically, under *Monell*, the official custom or policy must be the "moving force" of the constitutional violation suffered by the Plaintiff. *Monell*, 436 US at 694-695 (1978). Put another way, the plaintiff must establish "a causal link between the municipality's policy, custom, or practice and the alleged constitutional injury." *Roman*, 2022 US Dist LEXIS 128074, at *55-

10

57. As discussed above, Plaintiff has failed to allege a municipal policy, let alone allege that this policy was the moving force behind her dismissal from the Nursing Program. Plaintiff's claims against NYC DOE and the Nursing Program must fail for a lack of sufficient factual allegations drawing a direct causal link between any municipal action and an alleged deprivation of Plaintiff's constitutional rights.

This court must also dismiss Plaintiff's Complaint since she fails to establish the third element of *Monell* liability, i.e. a denial of a constitutional or federal statutory right. §1983 allows an individual to bring suit for a deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. However, there is no constitutional violation so long as there is an adequate state post-deprivation procedure for an alleged arbitrary, random deprivation of property or liberty. *Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474, U.S. 327 (1986); *Hellenic Am. Neighborhood Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996). An Article 78 proceeding provides a "perfectly adequate post-deprivation remedy" for reviewing allegations that disciplinary decisions involving expulsion were made arbitrarily, capriciously, in bad faith, and/or in violation of the academic institution's own code. *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002); *see Atallah.*, 94 F. Supp. 3d at 455-57 (collecting cases that Article 78 proceedings provide adequate post-deprivation remedy to challenge expulsion).

Since an adequate post-deprivation remedy exists, Plaintiff has not suffered a constitutional violation of her due process rights, and the instant matter should be dismissed. *Attallah*, 94 F.Supp. 3d at 458. Although she is now time-barred from starting an Article 78 proceeding for these claims, Plaintiff had an adequate post-deprivation remedy for her allegations. The fact that Plaintiff failed to pursue that remedy does not alter the adequacy of an Article 78

proceeding for addressing her claims. Consequently, Plaintiff does not have a due process claim, the instant action is an inappropriate means of challenging the alleged violation, and Plaintiff's claims should be dismissed.

## POINT III

### THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

For the reasons detailed in Points I–II, *supra*, Plaintiff's federal law claim for violation of due process under 42 U.S.C.§ 1983 should be dismissed. Correspondingly, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim for breach of contract against Defendant NYC DOE pursuant to 28 U.S.C. § 1367(c)(3).[3] *See Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) ("[I]t is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial.").

28 U.S.C. §1367(c)(3) states that a district court may decline to exercise supplemental jurisdiction if the "district court has dismissed all claims over which it has original jurisdiction." Since Plaintiff is also a resident of New York (Compl. ¶10), this Court lacks diversity jurisdiction to adjudicate Plaintiff's state law claims. But for Plaintiff's due process claim, this court would lack original jurisdiction over this case. Should this court dismiss Plaintiff's federal claim against Defendants NYC DOE and the Nursing Program, it should decline to exercise supplemental jurisdiction over the remaining state claim of breach of contract.

---

[3] Plaintiff has also asserted a state law negligence claim against the individual defendants, Does 1-10. As noted above, this Office does not represent Does 1-10 and is unaware of their true identities. However, to the extent that Plaintiff asserts any state law claims against Defendants NYC DOE and Nursing Program, Defendants respectfully request that the Court decline to exercise supplemental jurisdiction over Plaintiff's claims.

While the language of 28 U.S.C. § 1367(c)(3) concerning declination of supplemental jurisdiction is permissive, a consideration of applicable factors suggests that this court should decline to exercise supplemental jurisdiction. *See Amador v City of NY,* 2021 US Dist LEXIS 125451, at *4-6 [SDNY July 6, 2021, No. 20-CV-956 (RA)] ("Although declining to exercise supplemental jurisdiction in such a case is not absolutely mandatory, in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal quotation marks and citations omitted).

In the interest of judicial economy, fairness, and convenience, this court should decline to exercise jurisdiction over the state law breach of contract claim. This court has stayed discovery in this matter. (October 4, 2022 ECF Docket Entry). As such, there will be little prejudice to the Plaintiff to re-commence this case in state court. Moreover, it serves the interests of judicial economy to have a state law cause of action litigated in state court. For the foregoing reasons, this Court should decline supplemental jurisdiction over Plaintiff's state law claims.

## POINT IV

**ALTERNATIVELY, THIS COURT SHOULD DISMISS PLAINTIFF'S BREACH OF CONTRACT CLAIM AGAINST DEFENDANT NYC DOE SINCE PLAINTIFF FAILS TO STATE A CLAIM UNDER THIS THEORY AND FAILED TO FILE A NOTICE OF CLAIM PURSUANT TO N.Y. EDUCATION LAW SECTION 3813, A PREREQUISITE TO SUIT.**

Even if this Court chooses to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, Plaintiff's breach of contract claim against Defendant NYC DOE should be dismissed. Plaintiff has failed to plausibly state a claim for breach of contract against

NYC DOE, as she has not identified specific contractual provisions or promises which NYC DOE allegedly breached. Further, Plaintiff failed to allege that she filed a notice of claim, a condition precedent to a law suit seeking monetary relief against Defendant NYC DOE, pursuant to New York Education Law Section 3813.

To begin, under New York law, "an implied contract" exists between a student and his college. *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 206 (S.D.N.Y. 1998). "The terms of [this] implied contract are supplied by the bulletins, circulars and regulations made available to the student" by the institution. *Id.* To state a valid claim of breach of contract, a plaintiff "must identify: (1) a specific contract, (2) specified services offered or promises made, and (3) the university's failure to provide those services or keep those promises." *Doe v Columbia Univ.*, 2020 US Dist LEXIS 56233, at *14 [SDNY Mar. 31, 2020]

Here, Plaintiff does not identify a specific contract between NYC DOE and Plaintiff. Nor does she allege the specific promises that NYC DOE made in its regulations, bulletins or circulars but failed to deliver upon. Plaintiff does not allege, for example, that NYC DOE failed to comply with specific policies or procedures. Rather, Plaintiff states in a conclusory manner: "Defendant breached its contractual obligations by dismissing Plaintiff from the program before completion based on false allegations and without notice nor any process by which Plaintiff could object to the dismissal and defend against the false allegations." (Compl. ¶ 37) This conclusory allegation of a contractual breach is insufficient to withstand a motion to dismiss. *See Darby v Greenman*, 14 F.4th at 127-128 ("[A] complaint that merely 'tenders naked assertions devoid of further factual enhancement' fails to meet this standard," (quoting *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678), as do "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," (quoting *Iqbal*, 556 U.S. at 678.)

Plaintiff also failed to satisfy the requisite condition precedent before filing her claim for breach of contract against Defendant NYC DOE. Pursuant to Education Law § 3813, a notice of claim must be filed within three months of accrual of a claim as a condition precedent to the commencement of an action against NYC DOE. *Parochial Bus Sys., Inc. v. Board of Educ.*, 60 N.Y.2d 539, 547 (1983*); Varsity Transit, Inc. v. Board of Educ. of City of N.Y.*, 5 N.Y.3d 532, 534-535 (2005). Specifically, Education Law § 3813 requires that "it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim . . . ." *Educ. Law § 3813(1).*

Here, the Complaint fails to allege that Plaintiff served the requisite notice of claim pursuant to Education Law § 3813(1). While Education Law § 3813 (2-a) allows the court in its discretion to extend the time to serve a notice of claim, any such extension shall not exceed the statutory time limit for commencement of an action. For a breach of contract against the NYC DOE, the time limit to commence an action is one year from the accrual of the claim. *Educ. Law § 3813 (2-b)*. As the Appellate Division, Fourth Department explained:

> General Municipal Law § 50-i (1) (c) and Education Law § 3813 (2) require actions in tort to be commenced within one year and 90 days of the accrual of the claim. Education Law § 3813 (2-b) requires all other actions to be commenced within one year of the accrual of the claim. General Municipal Law § 50-e (5) and Education Law § 3813 (2-a) permit a court to grant leave to file a late notice of claim; however, the application must be made within the time period to commence an action under the appropriate statutory provision. A court has no authority to exceed that time limit."

*Peek v Williamsville Bd. of Educ.*, 221 AD2d 919, 920 [4th Dept 1995].

In the present matter, Plaintiff's failure to serve a notice of claim cannot be cured. Plaintiff's breach of contract claim accrued on or about April 17, 2021; her time to commence a

breach of contract action against Defendant NYC DOE expired on or about April 17, 2022. Therefore, this court is without authority to extend Plaintiff's time to serve a notice of claim, as Plaintiff is beyond her time limit to commence a breach of contract action against NYC DOE. For the reasons set forth above, Plaintiff's breach of contract claim against NYC DOE must be dismissed.

While the Complaint only alleges a claim for negligence against the individual defendants, i.e. Does 1-10, whom this office does not represent, to the extent Plaintiff alleges a claim of negligence against NYC DOE and the Nursing Program, this claim fails because Plaintiff has likewise failed to allege that she filed a notice of claim pursuant to *Educ. Law § 3813(1); General Municipal Law § 50-i.* Any negligence claim against NYC DOE and the Nursing Program should be dismissed on that basis.

## CONCLUSION

Based on the foregoing, Defendants New York City Department of Education and Curtis High School Adult Practical Nursing Program respectfully request that this Court grant their motion and dismiss the Complaint in its entirety as against them and award such other and further relief as the Court deems just and proper.

Dated:        December 9, 2022
              New York, New York

                        **HON. SYLVIA O. HINDS-RADIX**
                        Corporation Counsel of the City of New York
                        Attorney for Defendants New York City
                        Department of Education and Curtis High School
                        Adult Practical Nursing Program
                        100 Church Street
                        New York, New York 10007


                        By:        _____/s/_____

Cindy A. Singh
Assistant Corporation Counsel