**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**COURTNEY SUSSER,**

***Plaintiff*,**

**Case No: 22-cv-00051**

**v.**

**NEW YORK CITY DEPARTMENT OF EDUCATION (in Its Official Capacity); CURTIS HIGH SCHOOL ADULT PRACTICAL NURSING PROGRAM (in Its Official Capacity); and, DOES 1-10 whose true names are Unknown (in their Individual Capacities),**

***Defendants*.**

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ 2

STATEMENT OF FACTS ........................................ 4

STANDARD OF REVIEW ........................................ 5

ARGUMENT ........................................ 6

CONCLUSION ........................................ 13

# TABLE OF AUTHORITIES

## Cases

*Almar Constr. Corp. v. P.M. Hughes & Sons, Inc.*, 58 A.D.2d 615, 395 N.Y.S.2d 700, 1977 N.Y.App.Div. LEXIS 12675 (N.Y. App. Div. 2d Dep't)....................13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) .................................5

*Blanche v. State*, 17 A.D.3d 1069, 794 N.Y.S.2d 235, 2005 N.Y. App. Div. LEXIS 4718 (N.Y. App. Div. 4th Dep't 2005)...........................................................10

*Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) .......................................................................6

*Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)............................6

*Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994)................................................8

*Butler v. McCarty*, 191 Misc. 2d 318, 740 N.Y.S.2d 801, 2002 N.Y. Misc. LEXIS (N.Y. Sup. Ct. 2002).............................................................................................9

*Colon v. Coughlin*, 58 F.3d 865, 870 (2d Cir. 1995).................................................9

*Corbett v. City of New York*, 816 F. App'x 551, 553-54 (2d Cir. 2020) ...................8

*Davidson v. Capuano*, 792 F.2d 275, 278-79 (2d Cir. 1986) ................................7, 8

*Donato v. Plainview-Old Bethpage Central School District*, 96 F.3d 623, 633 (2d Cir. 1996) .............................................................................................................9

*Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) ........................................7

*Mitchell v. Fishbein*, 377 F.3d 157, 171 (2d Cir. 2004) ...........................................7

*Monclova v. City of New York*, No. 13-cv-7261 (KAM) (ST), 2017 WL 5495804 (E.D.N.Y. Mar. 31, 2017) ........................................................................8

*Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y. 2d 343, 347, 690 N.Y.S.2d 478 (1999) ........................................................................................................7

*Policemen's Benevolent Ass'n v. Goldin*, 266 A.D.2d 294, 698 N.Y.S.2d 264, 1999 N.Y. App. Div. LEXIS 11301 (N.Y. App. Div. 2d Dep't 1999)..........................10

*Shakhnes v. Berlin*, 689 F.3d 244, 256 (2d Cir. 2012) ............................................9

*Vargas v. The City of N.Y.*, 377 F.3d 200, 207 (2004) .................................... 7, 8, 9

*Winter v. Board of Assessors*, 63 Misc. 2d 451, 311 N.Y.S.2d 684, 1969 N.Y. Misc. LEXIS 1276 (N.Y. Sup. Ct. 1969)...........................................................10

**Statutes**

28 U.S.C. § 1367 .......................................................................................12

N.Y. Educ. § 3813.......................................................................................13

N.Y. Ct. Cl. Act § 10(9)................................................................................9

NY CLR CPLR § 1706 ..................................................................................8

NY CLS CPLR § 7801 ..................................................................................6

# STATEMENT OF FACTS

Plaintiff was a student in the Curtis High School Adult Practical Nursing Program in 2019. Plaintiff was dismissed from the Curtis High School Adult Practical Nursing Program without being given notice or any process. Plaintiff was not permitted to defend herself against the unfounded allegations that formed the basis of her dismissal from the Curtis High School Adult Practical Nursing Program.

Plaintiff began the Curtis High School Adult Practical Nursing Program in 2019. During her time as a student, Plaintiff was punctual, courteous, and dedicated to academic achievement. Nevertheless, the Curtis High School Adult Practical Nursing Program dismissed Plaintiff from the program due to an alleged incident that occurred on April 17, 2021. Plaintiff was assigned to perform work duties at the Carmel Nursing Home. Due to unfounded allegations and distorted facts regarding Plaintiff's interactions with members of the Carmel Nursing Home staff, Plaintiff was dismissed from the Curtis High School Adult Practical Nursing Program.

Plaintiff interacted with a resident's family members and an employee of Carmel Nursing Home regarding COVID-19 testing during the COVID-19 global pandemic. The supervisor at Carmel Nursing Home yelled "we don't test residence guests." Plaintiff said softly, "what is stupid policy not to test guests." Unfortunately, Plaintiff stated, "what, did they get the job because they're a minority."

Plaintiff was treated differently from students who were similarly situated. Also, Plaintiff's teacher made threatening and defamatory statements about Plaintiff after the encounter at Carmel Nursing Home. Plaintiff was not provided with any written incident report or other record of the unfounded allegations that formed the basis of her dismissal from the Curtis High School Adult Practical Nursing Program.

Plaintiff subsequently filed a complaint in the United States District Court in the Eastern District of New York. Defendants then filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Defendants also filed a memorandum in support of its Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff now offers its brief in response to Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To withstand a motion to dismiss, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* Outside of the complaint, a court can consider only "documents attached to the complaint as an exhibit or incorporated in it by

reference…matters of which judicial notice may be taken, or…documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

**ARGUMENT**

Plaintiff was not required to commence an Article 78 action in the present action. "Relief previously obtained by writs of certiorari to review, mandamus or prohibition shall be obtained in a proceeding under this article." NY CPLR § 7801. A proceeding under Article 78 shall not be used to challenge a determination which is not final or can be adequately review by appeal to a court or to some other body or officer or where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner's application unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed; or which was made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court.

Here, Plaintiff asserts that Defendants violated 42 U.S.C. § 1983. Plaintiff also brings a breach of contract claim against Defendants. Plaintiff did not have a full and fair opportunity to litigate in an Article 78 Proceeding the issues raised in this present

action. Also, the issues raised in the present action could not have been decided in an Article 78 proceeding. The Second Circuit has ruled that a denial of injunctive relief during an Article 78 proceeding based upon a finding that a challenged action had a "rational basis" and "was not arbitrary and capricious," does not necessarily decide a federal constitutional claim based on the same action. *Vargas v. The City of N.Y.*, 377 F.3d 200, 207 (2004). Article 78 review is usually limited to declaratory and/or injunctive relief and to damages that are "incidental" to such relief. *Mitchell v. Fishbein*, 377 F.3d 157, 171 (2d Cir. 2004). Damages in a usual civil rights action, such as actions sought under 42 U.S.C. § 1983 cannot be characterized as incidental and cannot be recovered in an Article 78 proceeding. *Davidson v. Capuano*, 792 F.2d 275, 278-79 (2d Cir. 1986) (*see Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y. 2d 343, 347, 690 N.Y.S.2d 478 (1999).

Plaintiff could not have obtained relief during an Article 78 proceeding. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and that the deprivation was committed by a person acting under color of state law. *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004). An Article 78 proceeding generally does not preclude a subsequent 42 U.S.C. § 1983 proceeding. *Davidson v. Capuano*, 792 F.2d 275, 278-80 (2d Cir. 1986). The type of damages sought under 42 U.S.C. § 1983 are generally not available in Article 78 proceedings, which permit only recovery of

incidental damages. *Corbett v. City of New York*, 816 F. App'x 551, 553-54 (2d Cir. 2020) (citing *Davidson v. Capuano*, 792 F.2d 275, 278-80 (2d Cir. 1986).

A plaintiff's ability to recover damages in an Article 78 proceeding is constrained, and such damages must be (1) incidental to the primary relief sought," and (2) "otherwise recoverable on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity." NY CPLR § 1706; *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994); *Monclova v. City of New York*, No. 13-cv-7261 (KAM) (ST), 2017 WL 5495804 (E.D.N.Y. Mar. 31, 2017). Damages for civil rights infringements are not incidental damages recoverable in an Article 78 proceeding. *Davidson v. Capuano*, 792 F.2d 275, 278-80 (2d Cir. 1986). "An Article 78 proceeding does not have the power to aware the full measure of relief available in subsequent section 1983 litigation." *Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004).

Plaintiff was not required to initiate an Article 78 proceeding. Plaintiff's claim arise under federal law, and under the principle of preemption Plaintiff's claims are not subject to statutory authority in the State of New York. Article 78 proceedings do not provide litigants the full range of available remedies, the opportunity to name all of the potential parties, or the substantive and procedural processes that a plenary federal civil action provides. "A state court entertaining an Article 78 proceeding does not have the power to award the full measure of relief available in subsequent

1983 litigation." *Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 870 (2d Cir. 1995).

"Since due process is a flexible notion, the procedural protection accorded a constitutional interest is determined by reference to the particular circumstances of a given case." *Donato v. Plainview-Old Bethpage Central School District*, 96 F.3d 623, 633 (2d Cir. 1996). The Second Circuit has held that due process includes a right to a decision. *Shakhnes v. Berlin*, 689 F.3d 244, 256 (2d Cir. 2012). Plaintiff is not forbidden from asserting her 42 U.S.C. § 1983 claim in federal court because Plaintiff did not initiate an Article 78 proceeding. Plaintiff is also not forbidden from asserting her state breach of contract claim because Defendants' breach arose out of the same transaction or occurrence involving Plaintiff's 42 U.S.C. § 1983 claim.

Defendants have not been prejudiced by Plaintiff's assertion of her claims. "Complaint was not dismissed as a result of the plaintiff's failure to serve the summons and complaint within four months of the alleged breach or suffering of actual harm by the plaintiff where the defendants failed to prove that they were prejudiced by the delay." *Butler v. McCarty*, 191 Misc. 2d 318, 740 N.Y.S.2d 801, 2002 N.Y. Misc. LEXIS (N.Y. Sup. Ct. 2002). Claims under N.Y. CPLR § 217(1) accrue when petitioner is aggrieved by the determination, which is the date that the petitioner receives notice of that determination. N.Y. Ct. Cl. Act § 10(9); *Blanche v. State*, 17 A.D.3d 1069, 794 N.Y.S.2d 235, 2005 N.Y. App. Div. LEXIS 4718 (N.Y.

App. Div. 4th Dep't 2005). Plaintiff did not receive any agency determination regarding her dismissal from the Curtis High School Adult Practical Nursing Program.

The four-month limitations period regarding Article 78 proceedings is not completely fettered. A continuing practice that was in violation of the New York State Constitution resulted in the four-month limitations period not barring a union's Article 78 proceeding. *Policemen's Benevolent Ass'n v. Goldin*, 266 A.D.2d 294, 698 N.Y.S.2d 264, 1999 N.Y. App. Div. LEXIS 11301 (N.Y. App. Div. 2d Dep't 1999). The four-month statute of limitations which specifically relates only to proceedings against the body or officer is available only to that body or officer and if he chooses to forgo the practical advantage and litigate upon the merits, a nonmunicipal correspondent cannot take advantage of the short statutory period of limitations. *Winter v. Board of Assessors*, 63 Misc. 2d 451, 311 N.Y.S.2d 684, 1969 N.Y. Misc. LEXIS 1276 (N.Y. Sup. Ct. 1969).

Plaintiff's injuries are ongoing and continually affect her academic and professional goals. Defendants arbitrarily dismissed Plaintiff from the Curtis High School Adult Practical Nursing Program without providing Plaintiff with notice and an opportunity to be heard. Plaintiff's claims are not time-barred, and if this Court decided to convert the present action to an Article 78 proceeding, the decision would not contract Second Circuit authority or legal precedent in the State of New York.

Plaintiff accurately alleged the existence of a policy that violated Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution. Being dismissed from the Curtis High School Adult Practical Nursing Program was initiated by school administration and officials acting under color of state law. The Department of Education's policies and customs interact with all the educational institutions which is oversees, regulates, and guides. Here, Plaintiff's injuries are the direct result of the customs, policies, and practices of both the Curtis High School Adult Practical Nursing Program and the Department of Education.

First, the nursing program's dismissal of Plaintiff constituted a custom related to how the nursing program regulated conduct between outside entities such as Carmel Nursing Home, enrolled students, and the Curtis High School Adult Practical Nursing Program. The official policies will be scrutinized during the discovery phase, and therefore this Court should deny Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss in its entirety.

Second, Plaintiff was at all times subject to the authority and decision-making power that existed in the institutional structures of the Curtis High School Adult Practical Nursing Program and the Department of Education. At no time was Plaintiff not subject to the officials, employees, and representatives who operated the Curtis High School Adult Practical Nursing Program. Third, the Department of Education and Curtis High School Adult Practical Nursing Program violated

Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution when Plaintiff was arbitrarily dismissed and denied the right to notice and an opportunity to be heard. Moreover, Plaintiff's dismissal was immediate and based on unsubstantiated allegations that had no basis in fact.

Plaintiff took advantage of the programs, resources, and facilities at the Curtis High School Adult Practical Nursing Program. As an enrolled student, Plaintiff was subject to the entire range of policies and customs instituted and enforced by the administration, employees, and staff members at the Curtis High School Adult Practical Nursing Program. Defendants argue that Plaintiff's injuries were not causally connected to the actions of the Department of Education and the Curtis High School Adult Practical Nursing Program. However, Plaintiff's ongoing relationship with Defendants was reciprocal, and Defendants' action of dismissal, arising out of the relevant customs and policies, was the logical consequence of the Defendants' choice to enforce those customs and policies. Therefore, Defendants cannot logically argue that they are somehow immune from liability for a constitutional deprivation that was the direct result of the customs and policies reviewed, drafted, and administered by Defendants.

Plaintiff's state law breach of contract claims arises out of the same transaction or occurrence as the federal question claim. Therefore, under 28 U.S.C. § 1367, this Court has jurisdiction over Plaintiff's state law breach of contract claim.

The relationship Plaintiff entered into with he Curtis High School Adult Practical Nursing Program constituted a relationship characterized by consideration, which is bargained-for legal detriment. Defendants' arbitrary dismissal of Plaintiff based on unfounded allegations constitutes a breach of the contract between Plaintiff and Defendants.

N.Y. Education Law § 3813 provides that "upon application, the court, in its discretion, may extend the time to serve a notice of claim." N.Y. CLS Educ. § 3813. An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the district or school. For purposes of statute requiring notice of claim to board of education within three months, claim accrues at the time damages become ascertainable. *Almar Constr. Corp. v. P.M. Hughes & Sons, Inc.*, 58 A.D.2d 615, 395 N.Y.S.2d 700, 1977 N.Y.App.Div. LEXIS 12675 (N.Y. App. Div. 2d Dep't). Plaintiff's claims did not become ascertainable until she retained independent counsel and ascertained the full extent of the damages. N.Y. Education Law § 3813 does not require showing of extraordinary circumstances for granting of leave to serve late notice of claim.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss the Amended Complaint should be denied, and this matter set for trial by jury. Should the Court

deem insufficiencies in Plaintiff's Amended Complaint, Plaintiff respectfully asks the Court for leave to amend.

Dated: January 9, 2023

Respectfully submitted,

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January, 2022, I electronically transmitted the attached foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

Keith Altman, Esq.