22-CV-00051 (AMD) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COURTNEY SUSSER,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION (in its official capacity); CURTIS HIGH SCHOOL ADULT PRACTICAL NURSING PROGRAM (in its official capacity); and DOES 1-10, whose true names are unknown (in their individual capacities),

                              Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT BY DEFENDANTS NEW YORK CITY DEPARTMENT OF EDUCATION AND CURTIS HIGH SCHOOL ADULT PRACTICAL NURSING PROGRAM**

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
*Attorney for Defendants New York City Department of Education and Curtis High School Adult Practical Nursing Program*

Of Counsel: Cindy A. Singh
Tel: (212) 356-3586
E-mail: csingh@law.nyc.gov

## **TABLE OF CONTENTS**

                                                                                                              **Page**

TABLE OF AUTHORITIES ............................................................................................................ii

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT

       POINT I

              PLAINTIFF WAS REQUIRED TO BRING AN ARTICLE 78 PROCEEDING TO CHALLENGE HER DISMISSAL FROM DEFENDANT NURSING PROGRAM, AND HER CLAIM IS NOW TIME BARRED. ............................................................................ 2

       POINT II

              PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST DEFENDANTS. ............................................................................................. 4

       POINT III

              THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S BREACH OF CONTRACT CLAIM; ALTERNATIVELY, THIS CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION. ............................................................................. 7

CONCLUSION ................................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Pages**

*Ansari v. New York Univ.*,
   96 Civ. 5280, 1997 U.S. Dist. LEXIS 6863
   (S.D.N.Y. May 12, 1997)......................................................................................................3

*Arrington v. City of New York*,
   628 F. App'x 46 (2d Cir. 2015) ............................................................................................7

*Attallah v NY Coll. of Osteopathic Med.*,
   94 F Supp 3d 448 [EDNY 2015] ..........................................................................................5

*Butler v City of NY*,
   559 F Supp 3d 253 (SDNY 2021) ........................................................................................4

*Connick v. Thompson*,
   563 U.S. 51 (2011)................................................................................................................7

*Doe v Columbia Univ.*,
   2020 US Dist LEXIS 56233, [SDNY Mar. 31, 2020] ..........................................................8

*Matter of Doe v Columbia Univ. in the City of NY*,
   2020 NY Slip Op 30600[U] [Sup Ct, NY County 2020]......................................................2

*Donohue v. Copiague Union Free Sch. Dist.*,
   47 N.Y.2d 440 (1979) ...........................................................................................................2

*Gertler v. Goodgold*,
   107 A.D.2d 481 (1st Dept. 1985)..........................................................................................3

*Hoffman v. Bd. of Educ.*,
   49 N.Y.2d 121 (1979) ...........................................................................................................2

*Maas v. Cornell Univ.*,
   94 N.Y.2d 87 (1999) .........................................................................................................2, 3

*Monell v. Dept. of Social Servs.*,
   436 US 658 (1978).............................................................................................................4, 7

*Roman v City of Mount Vernon*,
   2022 US Dist LEXIS 128074
   (SDNY July 19, 2022, No. 21-CV-2214) .........................................................................6, 7

*Matter of Simon v NY City Tr. Auth.*,
   34 AD3d 823 [2d Dept 2006] ...............................................................................................4

**Cases**                                                                                                           **Pages**

*Torraco v. Port Auth.*,
   615 F.3d 129 (2d Cir. 2010)..................................................................................4

*Vargas v. City of New York*,
   377 F.3d. 200 (2d Cir. 2004).................................................................................5

*Wray v. City of New York*,
   490 F.3d 189 (2d Cir. 2007)..................................................................................4

**Statutes**

28 U.S.C. § 1367(c)(3)................................................................................................7

42 U.S.C. § 1983..........................................................................................1, 3, 4, 5, 6, 7

CPLR Article 78 .........................................................................................................3

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 4

N.Y. Educ. Law § 3813 ............................................................................................1, 8

N.Y. Educ. Law § 3813(2-a)........................................................................................9

**PRELIMINARY STATEMENT**

Plaintiff Courtney Susser ("Plaintiff" or "Ms. Susser") brings this action against Defendants the New York City Department of Education ("NYC DOE") and Curtis High School Adult Practical Nursing Program ("Nursing Program").[1] Plaintiff, a student at the Nursing Program, alleges that she was dismissed from the Nursing Program following an incident with a supervisor and teacher at the Nursing Home to which she was assigned on April 17, 2021. The incident involved an offensive comment, which Ms. Susser admits to making. Ms. Susser alleges that she was dismissed from the Nursing Program without notice or an opportunity to be heard. She alleges that she was not allowed a fact-finding hearing or other means to dispute the allegations against her. Plaintiff now sues Defendants NYC DOE and the Nursing Program (collectively "Municipal Defendants") for a violation of her due process rights under 42 U.S.C. § 1983 and sues NYC DOE only for breach of contract.

Municipal Defendants submit this reply memorandum of law in further support of their motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Memorandum of Law in Opposition fails to overcome Municipal Defendants' arguments that (1) Plaintiff was required to commence an Article 78 proceeding to address her grievances, and her claim is now time-barred; (2) Plaintiff fails to sufficiently plead a claim of *Monell* liability as she cannot establish either the existence of a constitutional violation or the municipal custom or policy that was the moving force behind the alleged constitutional violation; and (3) Plaintiff fails to state a claim for breach of contract and further failed to serve a notice of

---

[1] Plaintiff also brings this suit against Does 1-10, in their individual capacities. This office does not represent Does 1-10 and is unaware of their true identities. Plaintiff asserts the following causes of action against Does 1-10: i) violation of due process under 42 U.S.C. § 1983 and ii) negligence.

claim pursuant to N.Y. Education Law § 3813, a condition precedent to suit for her state law claims. For the reasons set forth herein and in Municipal Defendants' Motion to Dismiss, the Complaint should be dismissed.

## ARGUMENT

### POINT I

**PLAINTIFF WAS REQUIRED TO BRING AN ARTICLE 78 PROCEEDING TO CHALLENGE HER DISMISSAL FROM DEFENDANT NURSING PROGRAM, AND HER CLAIM IS NOW TIME-BARRED.**

As set forth in Municipal Defendants' moving papers, Plaintiff was required to commence an Article 78 proceeding to challenge her dismissal from the Nursing Program because the disciplinary dismissal was academic and administrative in nature. Because Ms. Susser alleges that the Nursing Program acted arbitrarily and capriciously and/or in bad faith by dismissing her without notice or an opportunity to be heard, an Article 78 proceeding, rather than a plenary action, was the appropriate avenue of relief for Ms. Susser.

New York courts have repeatedly abstained from entertaining plenary actions that require them to make judgments as to the validity of day-to-day implementation of educational policies. *See Donohue v. Copiague Union Free Sch. Dist.*, 47 N.Y.2d 440, 444-45 (1979); *Hoffman v. Bd. of Educ.*, 49 N.Y.2d 121, 125-27 (1979) (holding that daily implementation of educational policies was not subject to court's jurisdiction); *see also Matter of Doe v Columbia Univ. in the City of NY,* 2020 NY Slip Op 30600[U], *9 [Sup Ct, NY County 2020] ("Case law reviewing disciplinary determinations of educational institutions 'reflects the policy that [these] administrative decisions... involve the exercise of highly specialized professional judgment and [that] these institutions are, for the most part, better suited to make relatively final decisions concerning wholly internal matters'" (quoting *Maas v. Cornell Univ.*, 94 N.Y.2d 87, 92 (1999)).

2

It is well-established that judicial review of academic and administrative decisions must be sought in an Article 78 proceeding. *See Ansari v. New York Univ.*, 96 Civ. 5280, 1997 U.S. Dist. LEXIS 6863, at *7 (S.D.N.Y. May 12, 1997) ("[T]he review of a variety of academic decisions at private educational institutions has been limited to Article 78 proceedings, including: grading disputes, dismissals, expulsions, suspensions, and decisions regarding whether a student has fulfilled the requirements for graduation."); *Gertler v. Goodgold*, 107 A.D.2d 481, 486-87 (1st Dept. 1985) (holding that judicial review of administrative and academic determinations by educational institutions "are redressable, if at all, in an article 78 proceeding, not a plenary action"); *Maas*, 94 N.Y.2d at 92 (holding that, because courts retain a restricted role in reviewing controversies involving colleges and universities, Article 78 proceedings, not plenary actions, are the appropriate means for judicial review).

Here, Plaintiff simply ignores the caselaw cited by Municipal Defendants and instead repeats that she was not required to bring an Article 78 proceeding because an Article 78 proceeding does not offer the breadth of damages offered in a Section 1983 action (Pl. Mem. at 6-9), an argument which Municipal Defendants will address in Point II, *infra*.

Further, because Plaintiff missed the four-month statute of limitations within which to file an Article 78 proceeding, she is now time-barred from commencing an Article 78 and this Court may not now convert the present action into an Article 78. Plaintiff argues that the "four month limitations period regarding Article 78 proceedings is not completely fettered." (Pl. Mem. at 10). However, this argument is without merit.

Plaintiff's argument concerning the construction of the four-month statute of limitations for Article 78 proceedings is inapplicable, as there is no "continuing violation." (Pl. Mem. at 10). "A proceeding pursuant to CPLR article 78 must be commenced within four months

3

from the time the determination being challenged becomes final and binding. A determination becomes final and binding when it has an impact on the petitioner." *Matter of Simon v NY City Tr. Auth.*, 34 AD3d 823, 823 [2d Dept 2006] (internal citations omitted). Here, Plaintiff was dismissed from the Nursing Program and received a letter of dismissal on or about April 17, 2021. (*See* Compl. ¶17).[2] Contrary to Plaintiff's arguments, Plaintiff received a final, binding letter of dismissal, which had a concrete impact on Plaintiff. Her time to file an Article 78 began to run as of that date. Therefore, the four-month statute of limitations to file her Article 78 proceeding expired on or about August 17, 2021. The Complaint in this action was filed on January 4, 2022, well after the statute of limitations for an Article 78 proceeding had run. Plaintiff's claims are now time-barred.

## POINT II

**PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST DEFENDANTS.**

To state a *Monell* claim against a municipality under 42 U.S.C. § 1983, a plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) cause[d] the plaintiff to be subjected to (3) [a] denial of a constitutional right." *Torraco v. Port Auth.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007)); *Monell v. Dept. of Social Servs.*, 436 US 658 (1978). Plaintiff has not plausibly alleged the elements of *Monell* liability, and her Complaint must be dismissed as a result. Plaintiff's Memorandum in Opposition fails to overcome Municipal Defendants' arguments in this regard.

---

[2] On a motion to dismiss pursuant to Rule 12(b)(6), a court "accepts all factual allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor." (internal citations omitted). *Butler v City of NY*, 559 F Supp 3d 253, 263 (SDNY 2021).

4

To begin, Plaintiff cannot plausibly allege the existence of a constitutional violation because an adequate state post-deprivation remedy existed in the form of an Article 78 proceeding. *Attallah v NY Coll. of Osteopathic Med.*, 94 F Supp 3d 448, 455 [EDNY 2015] ("Generally speaking, the availability of an Article 78 proceeding bars seeking relief under Section 1983 when there is an adequate state post-deprivation procedure to remedy a random or arbitrary deprivation of property or liberty." (internal citations omitted). That Plaintiff failed to avail herself of this remedy does not somehow create a constitutional violation.

Plaintiff argues that she was not required to bring an Article 78 proceeding because that proceeding does not offer the breadth of damages available in a Section 1983 action. (Pl. Mem. at 6-9). Plaintiff further argues that she is not now precluded from bringing a Section 1983 action. (*Id.*). However, Plaintiff's arguments miss the mark entirely. Without availing herself of an Article 78 proceeding, Plaintiff cannot now claim that a constitutional violation occurred. *Vargas v. City of New York*, 377 F.3d. 200 (2d Cir. 2004), a case cited by Plaintiff (Pl. Mem. at 7), actually illustrates this point. The *Vargas* plaintiff commenced a Section 1983 action following an Article 78 proceeding. In his Section 1983 action, the plaintiff alleged denial of equal protection as well as violation of due process. The Second Circuit allowed the *Vargas* plaintiff to proceed on his equal protection claim, reasoning that that claim was not raised in the Article 78 proceedings. However, the Second Circuit upheld the dismissal of the due process claim since the Article 78 proceeding was a meaningful post-deprivation remedy. *Vargas*, 377 F.3d at 208. ("We have held that an Article 78 proceeding, in circumstances such as these, provides a meaningful remedy where violations of due process by a local governmental entity are alleged.  Accordingly, we affirm the dismissal of Vargas's due process claim" (internal citation omitted)).

5

In addition to failing to plead an underlying constitutional violation, Plaintiff fails to sufficiently allege the existence of a policy or custom of the municipality that was the moving force behind her injury. Plaintiff has done nothing more than name NYC DOE and the Nursing Program as Defendants and make conclusory assertions of Section 1983 liability. Plaintiff's arguments to the contrary (Pl. Mem. at 11-12) are unavailing. The Complaint should be dismissed as a result.

Plaintiff has not named or identified a formal official policy endorsed by the municipality. *Roman v City of Mount Vernon*, 2022 US Dist LEXIS 128074, at *55-57 (SDNY July 19, 2022, No. 21-CV-2214). She simply asserts that her injuries are the direct result of the "customs, policies and practices of both the Curtis High School Adult Practical Nursing Program and the Department of Education." (Pl. Mem. at 11.) Such vague, conclusory allegations cannot withstand Municipal Defendants' motion to dismiss.

Plaintiff also fails to allege any actions taken by "government officials responsible for establishing the municipal policies" that resulted in her dismissal from the Nursing Program, i.e. the constitutional deprivation she claims. *Roman*, 2022 US Dist LEXIS 128074, at *55-57. Likewise, Plaintiff has only made allegations concerning the two incidents, both of which occurred on April 17, 2021, which allegedly formed the basis for her dismissal. She does not allege a consistent or widespread pattern of similar deprivation of rights or any incidents beyond the one giving rise to her Complaint.

The Complaint does not specifically identify the person or persons who ordered Plaintiff's dismissal. Plaintiff does not allege whether these actors are municipal employees. Ms. Susser also does not allege any failure by municipal policy makers to provide adequate training to subordinates. Even if Ms. Susser had specifically named the municipal employees who allegedly

ordered her dismissal, the same would not be sufficient to plausibly allege municipal liability. *Arrington v. City of New York*, 628 F. App'x 46, 50 (2d Cir. 2015) (citing *Monell*, 436 U.S. at 692) ("[A] municipality cannot be liable under § 1983 [for the alleged unconstitutional acts of its employees] solely on a theory of *respondeat superior*.") A §1983 claim must include specific allegations that a municipal policy or custom in itself directly violated federal law or directed or authorized a deprivation of a federally protected right. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell*, 436 U.S. at 692).

The Complaint additionally fails to sufficiently plead the causation element of *Monell* liability. Specifically, under *Monell*, the official custom or policy must be the "moving force" of the constitutional violation suffered by the Plaintiff. *Monell,* 436 US at 694-695 (1978). Put another way, the plaintiff must establish "a causal link between the municipality's policy, custom, or practice and the alleged constitutional injury." *Roman*, 2022 US Dist LEXIS 128074, at \*55-57. As discussed, Plaintiff has failed to allege a municipal policy, let alone allege that this policy was the moving force behind her dismissal from the Nursing Program. Plaintiff's claims against NYC DOE and the Nursing Program must fail for a lack of sufficient factual allegations drawing a direct causal link between any municipal action and an alleged deprivation of Plaintiff's constitutional rights.

### POINT III

**THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S BREACH OF CONTRACT CLAIM; ALTERNATIVELY, THIS CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION.**

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. For the reasons detailed in Points I–II, *supra*, Plaintiff's federal law claim for violation

of due process under 42 U.S.C.§ 1983 should be dismissed. 28 U.S.C. §1367(c)(3) states that a district court may decline to exercise supplemental jurisdiction if the "district court has dismissed all claims over which it has original jurisdiction." Without the due process claim, this Court lacks original jurisdiction over the state law breach of contract claim against Defendant NYC DOE. In the interest of judicial economy, fairness, and convenience, this Court should decline to exercise supplemental jurisdiction over this state law claim.[3] This Court has stayed discovery in this matter. (October 4, 2022 ECF Docket Entry). As such, there will be little prejudice to the Plaintiff to re-commence this case in state court. Moreover, it serves the interests of judicial economy to have a state law cause of action litigated in state court.

Even if this Court chooses to exercise supplemental jurisdiction, Plaintiff's breach of contract claim against Defendant NYC DOE should be dismissed for failure to state a cause of action. To state a valid claim of breach of contract, a plaintiff "must identify: (1) a specific contract, (2) specified services offered or promises made, and (3) the university's failure to provide those services or keep those promises." *Doe v Columbia Univ.*, 2020 US Dist LEXIS 56233, at *14 [SDNY Mar. 31, 2020]. Here, Plaintiff does not identify a specific contract between NYC DOE and Plaintiff. Nor does she allege the specific promises that NYC DOE made in its regulations, bulletins or circulars but failed to deliver upon. Plaintiff does not allege, for example, how NYC DOE failed to comply with specific policies or procedures. Plaintiff's Memorandum in Opposition fails to address these arguments. (Pl. Mem. at 12-13).

---

[3] Plaintiff has also asserted a state law negligence claim against the individual defendants, Does 1-10. As noted above, this Office does not represent Does 1-10 and is unaware of their true identities. However, to the extent that Plaintiff asserts any state law claims against Defendants NYC DOE and Nursing Program, Defendants respectfully request that the Court decline to exercise supplemental jurisdiction over Plaintiff's claims.

8

Plaintiff acknowledges that she has not filed a notice of claim, a prerequisite to filing suit under Education Law Section 3813, but argues that a court may upon application extend the time to serve a notice of claim. (Pl. Mem. at 13; Educ. Law 3813 (2-a)). However, Plaintiff has not moved this Court for leave to file a late notice of claim. Defendant NYC DOE has not had the opportunity to respond and fully brief the issues pertaining to a motion to file a late notice of claim. Granting Plaintiff leave to file a late notice of claim would prejudice NYC DOE since Defendant would not have had the benefit of timely conducting a 50-h hearing. Finally, Plaintiff's proposition that her claim was somehow not "ascertainable" until she retained counsel and "ascertained the full extent of her damages" is unsupported by any caselaw and should be dismissed out of hand. (Pl. Mem. at 13).

Accordingly, for the reasons set forth above, Plaintiff's her breach of contract claim should be dismissed.

## CONCLUSION

For the reasons set forth herein and in their moving papers, Defendants New York City Department of Education and Curtis High School Adult Practical Nursing Program respectfully request that this Court grant their motion and dismiss the Complaint in its entirety as against them and award such other and further relief as the Court deems just and proper.

Dated:    February 7, 2023
          New York, New York

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for Defendants New York City
Department of Education and Curtis High School
Adult Practical Nursing Program
100 Church Street
New York, New York 10007

By: _____/s/_____

Cindy A. Singh
Assistant Corporation Counsel