UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

COURTNEY SUSSER,

                             Plaintiff,

               **- against -**

**NEW YORK CITY DEPARTMENT OF
EDUCATION**, in its official capacity, **CURTIS
HIGH SCHOOL ADULT PRACTICAL
NURSING PROGRAM**, in its official capacity,
and **DOES 1–10**, whose true names are unknown, in
their individual capacities,

                       Defendants.

----------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

22-CV-51 (AMD) (VMS)

**ANN M. DONNELLY**, District Judge:

The plaintiff filed a complaint against the New York City Department of Education,

Curtis High School Adult Practical Nursing Program and ten unknown "employees or agents" of

the Nursing Program, alleging that they improperly expelled her from the program.  (ECF No. 1

¶¶ 2, 3, 11, 12, 14.)  The plaintiff claims a violation of her due process rights under 42 U.S.C. §

1983, breach of contract and negligence.  Defendants Department of Education and the Nursing

Program move to dismiss the § 1983 claim under Federal Rule of Civil Procedure 12(b)(6) and

request that the Court decline to exercise supplemental jurisdiction over the remaining state law

claims.  For the reasons that follow, the defendants' motion is granted.

## BACKGROUND

According to the complaint, the plaintiff was a student in an adult nursing program at

Curtis High School from 2019 to 2021.  (ECF No. 1 ¶¶ 15, 17.)  On April 17, 2021, while

working a shift at Carmel Nursing Home, she was involved in two altercations that led to her

dismissal.  (*Id.* ¶ 19.)  First, although the nursing home's COVID regulations did not permit

residents and family members to eat together, the plaintiff asked her supervisor if a resident

could eat with his family members, whom she knew.  (*Id.* ¶ 20.)  The supervisor denied the

request, and the plaintiff "apologized for overstepping her role."  (*Id.*)  Later that same day, the

supervisor "yelled at" a registered nurse that they "don't test residence guests."  (*Id.* ¶ 21

(internal quotation marks omitted).)  The plaintiff "witnessed [this] outrageous behavior," and

said, "under her breath," that it was a "stupid policy not to test guests."  (*Id.* (internal quotation

marks omitted).)  She added, "What, did they get the job because they're a minority?"  (*Id.*)

According to the plaintiff, another nurse overheard these private comments and reported

them to the plaintiff's supervisors, who then "publicly rebuked" the plaintiff.  (*Id.* ¶ 22.)  A

"heated discussion" followed, and one of the supervisors "made threatening and highly

defamatory statements about [the plaintiff]."  (*Id.* ¶ 23.)  Soon after, the plaintiff received "a brief

letter" expelling her from the program "because of [the] incident."  (*Id.* ¶ 17.)[1]  The plaintiff

claims that the nursing program did not conduct any investigation "to determine what had

occurred during the incidents," did not provide any "report or any other written information

regarding this incident" and did not afford her any "hearing or any other attempt to mitigate or

understand the events in question."  (*Id.* ¶¶ 24, 25.)

On January 4, 2022, the plaintiff filed a complaint in this Court, alleging three causes of

action: (1) violation of due process under 42 U.S.C. § 1983 against all defendants; (2) breach of

contract against the Department of Education; and (3) negligence against Does 1–10.  She asserts

that this Court has jurisdiction over her due process claim because it presents a federal question,

and supplemental jurisdiction over her contract and negligence claims because they "arise[] out

of the same transaction or occurrence."  (ECF No. 25 at 12.)  She seeks reinstatement to the

---

[1]  The plaintiff does not specify who sent the letter.

nursing program, compensatory and punitive damages and attorney's fees.  (ECF No. 1 ¶¶ 33, 38, 44.)

The Department of Education and the Nursing Program move to dismiss the complaint. (ECF Nos. 24, 25.)  They argue that the plaintiff did not state a cause of action on the federal due process claim, and request that the Court decline to exercise supplemental jurisdiction over the state law claims.

**STANDARD OF REVIEW**

Federal Rule 8 of Civil Procedure requires a plaintiff to plead sufficient facts that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citation omitted)).

If a district court dismisses "all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over state law claims.  28 U.S.C. § 1367(c)(3). This is a matter of discretion, and the court may look to the traditional "values of judicial economy, convenience, fairness, and comity" in making its decision.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  "Needless decisions of state law," however, "should be avoided," and "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction."  *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (cleaned up).

3

## DISCUSSION

### I.      Section 1983 Claim

To state a § 1983 claim, "a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985). The plaintiff claims that she "had a constitutionally protected property interest in continuing her education at the Curtis High School Adult Practical Nursing Program" and "in pursuing a chosen career" and that the defendants deprived her of those rights without due process in violation of the Fourteenth Amendment. (ECF No. 1 ¶¶ 29–32.) The defendants respond that even assuming the plaintiff has properly stated a constitutional right, she cannot seek relief under § 1983 because she had an adequate post-deprivation remedy under Article 78 of the New York Civil Practice Laws and Rules, which permits aggrieved persons "to challenge a specific decision of a state administrative agency" and "to compel public officials to comply with their responsibilities." *Davis v. Proud*, 2 F. Supp. 3d 460, 489 (E.D.N.Y. 2014) (cleaned up).

Generally, due process requires that a state afford persons "some kind of hearing" before depriving them of liberty or property. *Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 299 (1981). However, the Supreme Court has distinguished between claims based on established state procedures and those based on random, unauthorized acts by state employees. *See Hudson v. Palmer*, 468 U.S. 517, 532 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The reason for the distinction is that in cases where state employees act randomly and without authorization, "[i]t is difficult to conceive of how the State could provide a meaningful hearing before the deprivation

4

takes place." *Hudson*, 468 U.S. at 532 (citation omitted).  "The loss of property, although attributable to the State as action under 'color of law,' is . . . almost . . . [invariably] beyond the control of the State." *Id.* (citation omitted).  Therefore, "the Due Process Clause of the Fourteenth Amendment is not violated . . . so long as the State provides a meaningful postdeprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson*, 468 U.S. at 531).

Although the plaintiff is not entirely clear as to which of these two theories she wishes to pursue—she states only that she "was informed in a brief letter of dismissal that she was dismissed" without explaining who expelled her or even who sent the letter (ECF No. 1 ¶ 17)—I interpret her complaint to challenge a random, unauthorized act.  For example, she does not argue that she was expelled pursuant to an official Curtis High School policy or that the program's directors held a hearing from which she was excluded.  Moreover, she states that the individual Doe defendants acted "arbitrarily and capriciously" and that she was "treated very differently from similarly situated students."  (*Id.* ¶¶ 23, 41; *see also* ECF No. 25 at 5, 10, 12 (arguing that the plaintiff was "arbitrarily dismissed").)  She therefore appears to claim "a random, arbitrary deprivation of property."  *Attallah v. New York Coll. of Osteopathic Med.*, 643 F. App'x 7, 10 (2d Cir. 2016) (applying *Hudson* to a student's claim that he was expelled from medical school without due process); *Hellenic Am. Neighborhood*, 101 F.3d at 880–82 (same, where city officials allegedly "acted in flagrant violation of the City Charter and [Procurement] Rules").

The Second Circuit has "'held on numerous occasions' that where . . . a party sues the state and its officials and employees for the arbitrary and random deprivation of a property or liberty interest, 'an Article 78 proceeding is a perfectly adequate postdeprivation remedy.'"

*Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002) (quoting *Hellenic Am. Neighborhood*, 101 F.3d at 880–81); *see also Chaffer v. Bd. of Educ. of City Sch. Dist. of City of Long Beach*, 75 F. App'x 12, 13 (2d Cir. 2003).  That the plaintiff did not bring an Article 78 proceeding—and may be precluded from bringing one now because of the statute of limitations—does not change the analysis.  The plaintiff "had available an Article 78 remedy whether she timely utilized it or not." *Campo v. New York City Employees' Ret. Sys.*, 843 F.2d 96, 102 n.6 (2d Cir. 1988).  The defendants therefore provided the plaintiff all the process that she was due.

Citing several circuit and district cases, the plaintiff argues that the availability of the Article 78 proceeding does not affect her § 1983 claim.  (*See* ECF No. 25 at 7–9 (citing *Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004); *Davidson v. Capuano*, 792 F.2d 275, 278–80 (2d Cir. 1986); *Colon v. Coughlin*, 58 F.3d 865, 870 (2d Cir. 1995); *Corbett v. City of New York*, 816 F. App'x 551, 553–54 (2d Cir. 2020); *Monclova v. City of New York*, No. 13-CV-7261, 2017 WL 5495804, at *14–17 (E.D.N.Y. Mar. 31, 2017).)  The courts in those cases considered whether a plaintiff who brought an Article 78 proceeding could also bring a § 1983 claim or whether *res judicata* applies and forecloses the claim.  They uniformly held that *res judicata* does not apply, because "a state court entertaining an Article 78 proceeding does not have the power to award the full measure of relief available in subsequent section 1983 litigation." *Vargas*, 377 F. 3d at 205 (citing *Davidson*, 792 F.2d at 278–79).  Those cases have no bearing on the question at issue here: whether Article 78 provides sufficient post-deprivation process to satisfy the Fourteenth Amendment's demands.  As discussed above, the Supreme Court has clarified that when a deprivation occurs because of a random, arbitrary act by a state employee, "the state's action is not complete until and unless it . . . refuses to provide a suitable

postdeprivation remedy." *Hudson*, 468 U.S. at 533.  Said another way, there is no denial of due

process at all—and therefore no remedy under § 1983—if a state allows a student to challenge an

arbitrary expulsion after the fact, including in an Article 78 proceeding.

To the extent that the plaintiff claims that the Article 78 proceeding is itself insufficient

to satisfy due process because she "could not have obtained" all of the damages available under §

1983 (ECF No. 25 at 7), that argument misses the mark.  First, the Second Circuit cases cited

above conclusively establish that "an Article 78 proceeding is a perfectly adequate

postdeprivation remedy," *Grillo*, 291 F.3d at 234 (quoting *Hellenic Am. Neighborhood*, 101 F.3d

at 880–81), and that ruling is binding on this Court.  But more fundamentally, "state remedies

[do not need to] provide the [plaintiff] with all the relief which may [be] available . . . under §

1983 . . . to satisfy the requirements of due process."  *Parratt*, 451 U.S. at 543–44.  That is

because "[a]t some point the benefit of an additional safeguard to the individual affected and to

society in terms of additional assurance that the action is just, may be outweighed by the cost."

*Id.* at 542–43 (cleaned up) (quoting *Ingraham v. Wright*, 430 U.S. 651, 682 (1977)).  The

controlling inquiry is simply whether the "remedies provided could have fully compensated the

[plaintiff] for the property loss [she] suffered."  *Id.* at 544.  There is no question that an Article

78 proceeding can do so.  The statute expressly allows New York courts to determine whether

"the measure or mode of penalty or discipline" was "arbitrary and capricious or an abuse of

discretion."  N.Y. C.P.L.R. § 7803(3).  And "[s]tudents in New York schools—both public and

private—have frequently sought relief from disciplinary action through an Article 78 hearing."

*Attallah v. New York College of Osteopathic Medicine*, 94 F. Supp. 3d 448, 455–56 (2015)

(collecting New York cases), *aff'd*, 643 F. App'x 7 (2d Cir. 2016); *see also Kickertz v. New York

Univ.*, 25 N.Y.3d 942, 943 (2015); *Doe v. Trustees of Union Coll.*, 195 A.D.3d 1216, 1216 (3d

Dep't 2021); *VanHouten v. Mount St. Mary Coll.*, 137 A.D.3d 1293, 1294 (2d Dep't 2016);

*Ebert v. Yeshiva Univ.*, 28 A.D.3d 315, 315 (1st Dep't 2006) (all reviewing expulsion

challenges).

In short, because Article 78 provided the plaintiff all the process she was due under the

Fourteenth Amendment, she cannot state a claim under § 1983, and her first cause of action is

dismissed.[2]

## II.   State Law Claims

Having dismissed the plaintiff's only federal claim, I decline to exercise supplemental

jurisdiction over the contract and negligence claims at this time.  The plaintiff does not present

any "exceptional circumstances" warranting the exercise of supplemental jurisdiction, and

judicial economy, convenience, fairness and comity all weigh against doing so.  *Attallah*, 94 F.

Supp. 3d at 458 (citation omitted).

First, exercising supplemental jurisdiction will not conserve the parties' resources or

promote judicial economy, because I previously stayed discovery in this case (*see* ECF entry

dated Oct. 4, 2022), and because the plaintiff's breach-of-contract and negligence claims will

likely require substantial amendment before the case can proceed.[3]

---

[2]   The defendants alternatively argue that the plaintiff is precluded from bringing her § 1983 claim
because she first had "to commence an Article 78 proceeding" in state court.  (ECF No. 24 at 7.)
However, "exhaustion of state remedies 'is *not* a prerequisite to an action under § 1983.'"  *Heck v.
Humphrey*, 114 S. Ct. 2364, 2369 (1994) (quoting *Patsy v. Board of Regents*, 457 U.S. 496, 501
(1982)); *see also Lawrence v. Antonucci*, 144 F. App'x 193, 194 (2d Cir. 2005) ("litigants are generally
not required to file an Article 78 proceeding before suing under § 1983").  Article 78 thus does not
impose a procedural bar.

[3]   While "[a]n implied contract arises between a student and university promising that, if the student
complies with the terms prescribed by the university, [s]he will obtain the degree [s]he seeks," to state a
cause of action for breach of contract, the student "must identify: (1) a specific contract, (2) specified
services offered or promises made, and (3) the university's failure to provide those services or keep
those promises."  *Doe v. Columbia Univ.*, No. 19-CV-5357, 2020 WL 1528545, at *5 (S.D.N.Y. Mar.
31, 2020) (internal quotation marks and citations omitted).  But the plaintiff alleges only that the
Department of Education "breached its contractual obligations by dismissing Plaintiff from the program

Second, it appears that the plaintiff did not file a notice with the New York Department of Education within three months of the accrual of her claim.  *See* N.Y. Educ. Law § 3813(1). Courts in this Circuit have held that the filing of the notice "is a statutory condition precedent to a petitioner's bringing of a proceeding against a school district or board of education, and a petitioner's failure to comply is a fatal defect mandating dismissal of the action."  *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 366 (W.D.N.Y. 2010) (quoting *In re Angarano v. Harrison Cent. Sch. Dist.*, 14 Misc. 3d 1217(A), at *4 (N.Y. Sup. Jan. 16, 2007)).  Whether this requirement applies to claims against the New York City Department of Education and the Nursing Program and whether a court may extend the statutory deadline are state law questions that this Court has no reason to decide.

The plaintiff's state law claims are thus dismissed without prejudice.

### III.    Leave to Replead

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs district courts to give plaintiffs leave to replead "when justice so requires."  Accordingly, the Second Circuit has declined to allow amendment in cases in which additional pleading would be futile. *E.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  If, as discussed above, the plaintiff wishes to hold the defendants liable for a random and unauthorized deprivation, "better pleading" will "not cure th[e] defect" in the complaint, because the availability of the Article 78 proceeding

---

before completion based on false allegations and without notice []or any process."  (ECF No. 1 ¶ 37.) Not only are these allegations conclusory, but the plaintiff does not explain why she had an implied contract with the Department of Education rather than Curtis High School.  Similarly, the plaintiff alleges only that the unidentified Doe defendants "owed a duty to treat Plaintiff fairly" and that their breach of that duty "was the proximate cause of the damages that Plaintiff has suffered.  (*Id.* ¶¶ 40, 43.)  Such "a formulaic recitation of the elements of a cause of action" is not sufficient to state a claim in federal court.  *Twombly*, 550 U.S. at 555.

necessarily bars a § 1983 claim.  *Attallah*, 94 F. Supp. 3d at 459.  Thus, the plaintiff may not amend her complaint to add factual allegations on this theory.

However, the plaintiff may amend her complaint if she can demonstrate that she was expelled pursuant to an official policy.  *See Sullivan v. Town of Salem*, 805 F.2d 81, 86 (2d Cir. 1986) ("If [defendant's] conduct . . . either established or was pursuant to town policy, *Parratt* and its progeny, which apply only to random, unauthorized conduct, are simply inapposite to this case.").

Alternatively, the plaintiff may demonstrate that she was expelled by "a high-ranking official with final authority over significant matters."  *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (internal quotation marks and citation omitted).  As the Supreme Court explained, "*Parratt* and *Hudson* . . . do not stand for the proposition that in every case where a deprivation is caused by an 'unauthorized departure from established practices, state officials can escape § 1983 liability simply because the State provides'" post-deprivation review in a court of law.  *Zinermon v. Burch*, 494 U.S. 113, 138 n.20 (1990) (cleaned up).  When it comes to sufficiently high-ranking officials, the "State delegated to them the power and authority to effect the . . . deprivation" as well as "the concomitant duty to initiate the procedural safeguards."  *Id.* at 138.[4]  Therefore, the plaintiff will adequately state a claim if she demonstrates that "the state [was] in a position to provide for predeprivation process."  *Hudson*, 468 at 534; *accord Velez v. Levy*, 401 F.3d 75, 91–92 & n. 14 (2d Cir. 2005)).

---

[4] The plaintiff should refer to the *DiBlasio* line of cases to determine if the persons who expelled her qualify as such officials.

**CONCLUSION**

The defendants' motion to dismiss is granted.  The plaintiff may amend her § 1983 claim as discussed above within 30 days of this order.  If she does so, the plaintiff may also replead her state law claims, but she must correct the deficiencies identified in this order.  If the plaintiff does not file an amended complaint within 30 days, the Court will direct the Clerk of Court to enter judgment dismissing this action.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       May 31, 2023